NOT DESIGNATED FOR PUBLICATION

No. 116,923

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JERRY SELLERS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed May 4, 2018.
Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Ellen Hurst Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GARDNER, J., and BURGESS, S.J.

PER CURIAM: Jerry Sellers appeals the district court's summary dismissal of his habeas corpus motion for postconviction relief. Sellers makes two arguments: (1) that the district court should have appointed him an attorney to represent him and (2) that he was entitled to a hearing on the claim in his motion that the attorney who handled his earlier appeal had provided inadequate representation.

The district court must appoint an attorney to represent a defendant in a habeas proceeding if the court finds that an indigent movant's claim presents substantial questions of law or triable issues of fact. See K.S.A. 22-4506(b).  But Sellers wasn't

entitled to an attorney because the district court didn't find that his claim presented substantial questions of law or triable issues of fact—that's why it summarily dismissed the motion. And summary dismissal was appropriate because Sellers didn't support his claim with any facts or evidence. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Jerry Sellers of 38 counts of sexual exploitation of a child for possession of child pornography. The district court then sentenced him to life in prison without the possibility of parole. The facts underlying Sellers' convictions are more fully described in our court's opinion affirming his convictions. *State v. Sellers*, No. 107,203, 2013 WL 4404175, at *1-2 (Kan. App. 2013) (unpublished opinion).

After Sellers lost that appeal (which we call the direct appeal from his convictions), he filed a habeas corpus motion challenging his convictions. Sellers' motion—which he prepared himself, without the help of an attorney—alleged prosecutorial misconduct, bias and prejudice against him by the trial court, ineffective representation by his appellate attorney, and cumulative error.

After receiving Sellers' motion, the district court ordered the State to respond. The State responded, and then Sellers filed a supplemental motion, which he titled "Memorandum of Law to Petitioners K.S.A. 60-1507." This supplemental memorandum provided more information to support the claims made in his original motion.

The district court then concluded that Sellers hadn't provided enough facts to support his claims and denied the motion without holding a hearing. Sellers asked for reconsideration, arguing that the court didn't consider the facts he gave in his supplemental motion. The court responded that it wouldn't consider the facts in Sellers' supplemental motion because it was filed too late.

2

Sellers then appealed to our court.

ANALYSIS

I. *The District Court Did Not Err by Not Appointing Counsel.*

Sellers first argues that the district court erred by not appointing counsel to represent him on his habeas motion requesting postconviction relief. Whether a habeas movant is entitled to assistance of counsel requires interpretation of a Kansas statute—K.S.A. 22-4506(b). Statutory interpretation is a question of law, over which this court has unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

After the direct appeal is over, a defendant can further challenge the conviction in habeas corpus proceedings under K.S.A. 60-1507. There is no constitutional right to counsel in that proceeding because it's a civil case, not a criminal one. But indigent movants do have a right to counsel under one of our state statutes—K.S.A. 22-4506(b)—if the district court finds that the defendant's habeas claim presents substantial questions of law or triable issues of fact. See *Mundy v. State*, 307 Kan. 280, 295, 408 P.3d 965 (2018).

In addition to those background rules about the right to counsel, we should also review the district court's procedural options when a habeas claim is filed. It has three: (1) it may deny the motion summarily (without a hearing) if it determines that the motion and case file conclusively show that the movant is not entitled to relief; (2) it may hold an evidentiary hearing if it determines that a substantial issue is presented; or (3) it may hold a preliminary, nonevidentiary hearing if it determines that the motion raises a potentially substantial legal issue or a potential factual question. Under the second option, the court

3

must appoint an attorney to represent the defendant; under the third option, the court may do so. See *Mundy*, 307 Kan. 280, Syl. ¶ 4 (2018); see also Supreme Court Rule 183(i) (2018 Kan. S. Ct. R. 223).

Sellers argues that he was entitled to counsel once the district court asked the State to reply to his petition. But the district court followed the first of the options we listed—denying Sellers' motion without a hearing. Under that option, the court first determined that Sellers' motion did not present any substantial questions of law or triable issues of fact. So the court wasn't required to appoint a lawyer for Sellers.

II. *The District Court Did Not Err by Summarily Dismissing Sellers' Motion*.

Sellers next argues that the district court erred by summarily dismissing his claim without a hearing. While Sellers raised four issues in his motion for postconviction relief, in his brief to our court, he discusses only his claim that his appellate counsel in the direct appeal, Christina Kerls, provided inadequate assistance. Sellers has not provided any facts or citations to the record to support any of the other claims he originally raised in his habeas motion. Thus, Sellers has limited himself to his claim of ineffective assistance of counsel. See *State v. Reu-El*, 306 Kan. 460, 471, 394 P.3d 884 (2017) (finding that issues raised in district court but not advanced on appeal are considered abandoned).

There's another procedural hurdle that we must consider. The Kansas habeas statute provides that the habeas claim generally must be made within one year of the termination of appellate jurisdiction over the defendant's direct appeal unless an extension of that time limit is needed "to prevent a manifest injustice." K.S.A. 60-1507(f). Appellate jurisdiction over Sellers' direct appeal ended on June 17, 2014—when our Supreme Court denied review of his case. See *Sellers*, 2013 WL 4404175, *rev. denied* 299 Kan. 1273 (2014); see also *Burton v. State*, No. 100,555, 2009 WL 4639354, at *1 (Kan. App. 2009) (unpublished opinion) (citing *Tolen v. State*, 285 Kan. 672, 673, 176

4

P.3d 170 [2008]) (finding that appellate jurisdiction terminates when Supreme Court denies petition for review).

Sellers filed his motion on June 8, 2015—less than a year after appellate jurisdiction ended—so his motion was timely. But Sellers didn't file his supplemental motion until August 3, 2015, well past the June 17, 2015 deadline. The district court decided that it wouldn't consider the facts in Sellers' supplemental motion since it wasn't timely filed.

On appeal, Sellers argues that facts asserted in his supplemental motion, when considered along with the rest of the court's record of his case, warranted a hearing. But Sellers doesn't explain why this court should consider his untimely supplemental motion, and he doesn't claim consideration of the supplemental motion is necessary to prevent manifest injustice. Nor does he cite in his appellate brief to specific facts within the supplemental motion that present a viable claim. As a result, to decide this appeal, we will not consider the factual allegations made in that supplemental motion.

We turn now to the question presented in this appeal—whether, based on the claims Sellers made in his original motion, the district court should have granted Sellers a hearing on the claim that his attorney in the direct appeal provided inadequate representation.

A district court may summarily deny an inmate's habeas claim without holding an evidentiary hearing when the motion and the court's file conclusively show that the prisoner isn't entitled to relief. K.S.A. 60-1507(b). When the district court does so, we independently review the motion and case file to determine whether the district court was right—that they conclusively show that the prisoner wasn't entitled to relief. *Mundy*, 307 Kan. at 304. The inmate has the burden to prove that he is entitled to an evidentiary hearing. To meet this burden, the inmate must make more than conclusory contentions

5

and the claims must be supported either by facts stated in the motion or by evidence that appears in the court's record. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015) (citing *Trotter v. State*, 288 Kan. 112, 131-32, 200 P.3d 1236 [2009]).

In his motion, Sellers made some general claims by reference to the names of some United States Supreme Court cases about the rights of criminal defendants. He alleged that his attorney's representation on direct appeal was ineffective because she failed to investigate and raise "Winship/Jackson . . . [and] Brady" violations. He said those failures resulted in the State's bolstering of witnesses, misrepresenting the law, and committing prosecutorial misconduct. Sellers also argued that his attorney failed to challenge some of the State's evidence "regarding the third element of the crime . . . ."

But Sellers didn't point to specific facts that would support his claim. He did not explain what happened at trial to violate the "Winship/Jackson . . . [and] Brady" doctrines, and he didn't explain why his attorney should have challenged the State's evidence at trial. His claims in this appeal are similarly nonspecific: "Of all of Sellers' allegations, the ones most entitled to an evidentiary hearing were his contentions that appellate counsel was ineffective, particularly her failure to argue issues Sellers had asked her to raise, including a *Brady* violation, and the denials of motions made and preserved by trial counsel."

Without more specific facts about why his attorney should have raised these issues on appeal and how these were viable issues, Sellers' habeas motion is one that the Kansas Supreme Court would consider so "conclusory and inadequate" that no evidentiary hearing was required. See *Trotter*, 288 Kan. at 135. Thus, the district court did not err in summarily dismissing the motion without holding an evidentiary hearing.

We affirm the district court's judgment.