No. 95,106

GARNET C. TOLEN, JR., *Appellant*, v. STATE OF KANSAS, *Appellee*.

(176 P.3d 170)

Opinion filed February 1, 2008.

*Michael S. Holland, II*, of Holland and Holland, of Russell, argued the cause, and *Michael S. Holland*, of the same firm, was with him on the brief for appellant.

*B. Christine Trocheck*, assistant county attorney, argued the cause, and *Ellen Mitchell*, county attorney, and *Paul J. Morrison*, attorney general, were with her on the brief for the appellee.

The opinion of the court was delivered by

Rosen, J.: Garnet Tolen appeals the dismissal of his K.S.A. 60-1507 motion for failing to file it within the 1-year statutory limit. Tolen was convicted of rape and aggravated criminal sodomy in February 1999. He filed a direct appeal to the Court of Appeals, and his convictions were affirmed. *State v. Tolen*, No. 84,058, unpublished opinion filed January 11, 2002. This court denied his petition for review on March 20, 2002, and the mandate was issued on March 22, 2002.

On January 18, 2005, Tolen filed a 60-1507 motion. Concluding that Tolen's motion had not been filed within the 1-year time limitation of K.S.A. 60-1507(f), the district court summarily denied it without a hearing or the appointment of counsel, Tolen appeals. We transferred the matter from the Court of Appeals on our own motion pursuant to K.S.A. 20-3018(c).

Analysis

Tolen asserts that K.S.A. 60-1507(f) is unconstitutional because it does not include language granting a grace period for preexisting claims that were final before the 1-year time limitation became effective. We review the constitutionality of a statute as a question of law and apply a de novo standard of review. *State v. Rupnick*, 280 Kan. 720, 736, 125 P.3d 541 (2005). The constitutionality of a statute is presumed, and all doubts must be resolved in favor of the validity of the statute. Before the statute may be stricken, it must clearly appear to violate the constitution. This court must construe the statute as constitutionally valid if there is any reasonable way to do so. 280 Kan. at 736.

K.S.A. 60-1507 was amended effective July 1, 2003, to include the following provision:

"*Time limitations*. (1) Any action under this section must be brought within one year of: (i) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (ii) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition.

"(2) The time limitation herein may be extended by the court only to prevent a manifest injustice." K.S.A. 60-1507(f).

Tolen compares K.S.A. 60-1507 with 28 U.S.C. § 2244(d)(1) (2000), which establishes a 1-year period of limitation for filing a

federal habeas corpus action. Tolen asserts that the federal statute specifically provides a grace period, allowing every person to know that they had 1 year from April 24, 1996, (the effective date of the federal statute) to commence the appropriate action. See *Hoggro v. Boone*, 150 F.3d 1223, 1225-26 (10th Cir. 1998) (holding that the time limitation in 28 U.S.C. § 2244(d) did not bar federal habeas corpus petitions filed within 1 year after the April 24, 1996, effective date of the statute). Tolen argues that K.S.A. 60-1507(f) is unconstitutional because it does not provide an equivalent provision.

Tolen overlooks our Court of Appeals decision in *Hayes v. State*, 34 Kan. App. 2d 157, 161-62, 115 P.3d 162 (2005), which applies a grace period for claims preexisting the amendment of K.S.A. 60-1507 to add a time limit in subsection (f). Hayes was convicted of first-degree murder, aggravated robbery, and conspiracy to commit robbery in 1995. In November 2003, Hayes filed a pro se 60-1507 motion, arguing that the 1-year time limit should be extended to prevent manifest injustice. The district court summarily dismissed Hayes' motion. Without addressing whether manifest injustice prevented the dismissal of Hayes' motion, the *Hayes* court held that the 1-year limitations period in K.S.A. 60-1507(f)(1) must allow a 1-year period from the date the amendment became effective for all preexisting claims. 34 Kan. App. 2d at 161-62. Because Hayes filed his motion in November 2003 before such a 1-year grace period would have expired in July 2004, the Court of Appeals reversed the dismissal of Hayes' motion and remanded the matter for further proceedings. 34 Kan. App. 2d at 162.

Even if *Hayes* is correct—and we believe it is—Tolen lacks standing to raise this issue. In *State v. Snow*, 282 Kan. 323, 343, 144 P.3d 729 (2006), this court refused to address Snow's claim that K.S.A. 2005 Supp. 21-4720(c) was unconstitutional because the aspects of the statute complained of did not apply to his case. Snow claimed that 21-4720(c) was unconstitutional because it allowed the district court to enhance his sentence based on its own factual findings. However, Snow's sentence was enhanced based on aggravating factors found by a jury. The *Snow* court held that

Snow lacked standing to challenge the constitutionality of 21-4720(c), stating:

"[D]efendants, like Snow, for whom a statute is constitutionally applied cannot challenge the constitutionality of the statute on the grounds that the statute may conceivably be applied unconstitutionally in circumstances other than those before the court." 282 Kan. at 343.

Tolen's direct appeal outcome became final on March 20, 2002. K.S.A. 60-1507(f) did not take effect until July 1, 2003. Even if a 1-year grace period is permitted, it expired on July 1, 2004, and Tolen did not file his 60-1507 motion until January 18, 2005. Like Snow, Tolen is attempting to argue a constitutional infirmity that cannot help him even if it merits a cure.

At oral argument, in response to questioning from the court, Tolen's counsel also asserted for the first time that the statute was unconstitutional because, in essence, Tolen could not know the outcome of the Court of Appeals, *Hayes* case until the decision was filed on July 15, 2005; *i.e.*, he was unaware a 1-year grace period might extend the time for filing of his claim to July 1, 2004, until that date was long past. Neither of the parties briefed this argument.

We are not required to consider new issues raised at oral argument. *State v. McCown*, 264 Kan. 655, 656, 957 P.2d 401 (1998) (refusing to address the defendant's argument regarding jury instructions because the defendant failed to brief the argument and raised it for the first time at. oral argument); *State v. Marsh*, 193 Kan. 302, 305, 392 P.2d 953, *cert. denied* 380 U.S. 910 (1964) (denying counsel's request at oral argument to enlarge the specifications of error to include additional issues); *State v. Young*, 190 Kan. 403, 404, 375 P.2d 783 (1962) (same); *State v. Hamilton*, 185 Kan. 101, 102, 340 P.2d 390, *cert. denied* 361 U.S. 920 (1959) (same); *Mansfield Painting & Decorating, Inc. v. Budlaw Services, Inc.*, 3 Kan. App. 2d 77, 81, 589 P.2d 643, *rev. denied* 225 Kan. 844 (1979) (refusing to address a discovery issue because the issue was raised for the first time at oral argument and the other party did not have an opportunity to brief the issue). However, we have authority to address issues we have raised *sua sponte*. See *State v.*

*Adams*, 283 Kan. 365, 367, 153 P.3d 512 (2007) (addressing a speedy trial issue *sua sponte* because consideration of the issue was necessary to serve the ends of justice or prevent the denial of fundamental rights). Because this issue resulted from our questioning, we have decided to resolve it.

The legislature's adoption of a 1-year time limit for filing motions under K.S.A. 60-1507 put all persons, including inmates such as Tolen, on constructive notice of the new provision. See *State v. Lueker*, 264 Kan. 341, 345, 956 P.2d 681 (1998) (applying the 1995 amendment to the felon in possession of a firearm statute even though the defendant was not precluded from possessing a firearm under the prior version when he was convicted of the underlying crime); *Ramsey v. Hand*, 185 Kan. 350, 359, 343 P.2d 225 (1959), *cert. denied* 362 U.S. 970 (1960) (stating the rule that everyone is presumed to know the law and noting that the rule is so well established that it requires no citation to authority). In addition, Tolen, like everyone else, has had constructive notice since June 24, 1998, that such a statutory time limit on post-conviction proceedings had been construed by our Tenth Circuit Court of Appeals to include a 1-year grace period to cover preexisting claims; this was the construction of the federal counterpart to K.S.A. 60-1507(f). See *Hoggro*, 150 F. 3d at 1225-26 (construing effect of Antiterrorism and Effective Death Penalty Act of 1996 on 28 U.S.C. § 2244 actions). Tolen was not compelled to wait for *Hayes* to blaze a trial. His case could have *been Hayes* instead, had his action fallen within the K.S.A. 60-1507(f) grace period.

In view of the foregoing, the district court properly denied Tolen's 60-1507 motion as untimely.

Affirmed.

DAVIS J., not participating.

GREENE, J., assigned.