NOT DESIGNATED FOR PUBLICATION

No. 119,555

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EDGAR LIVINGSTON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; DANIEL A. DUNCAN, judge. Opinion filed May 24, 2019. Affirmed.

*Cline I. Boone*, of Shawnee, for appellant.

*Adam Sokoloff*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., PIERRON and BRUNS, JJ.

PER CURIAM: This is an appeal of the denial of Edgar Livingston's habeas corpus motion filed pursuant to K.S.A. 60-1507. In accordance with a plea agreement, Livingston pled guilty to first-degree murder on August 21, 2000. On January 13, 2014, more than 13 years after he was sentenced, Livingston filed a habeas corpus motion alleging ineffective assistance of counsel during sentencing. The district court denied the motion as untimely and, alternatively, as lacking merit.

1

On appeal, Livingston contends the one-year time limitation for filing a habeas corpus action should be extended in this case to prevent manifest injustice because his attorney failed to present sufficient evidence of mitigation at sentencing. Finding no error, we affirm the district court's decision.

FACTUAL AND PROCEDURAL BACKGROUND

Following his guilty plea to first-degree murder, Livingston was sentenced on September 28, 2000. During sentencing, the State sought imposition of a hard 50 life sentence. In support, the State relied on several aggravating factors, including the fact that Livingston had committed a prior crime of violence and had murdered the victim in an especially heinous, atrocious, or cruel manner, as evidenced by the 19 blows to the victim's head.

In response, Livingston and his attorney argued there were mitigating factors; specifically, that Livingston suffered from mental illness and was under the influence of crack cocaine at the time of the murder. Unpersuaded, the district court, imposed a hard 50 life sentence. The Kansas Supreme Court affirmed this sentence on appeal. See *State v. Livingston*, 272 Kan. 853, 35 P.3d 918 (2001).

On January 13, 2014, Livingston filed a pro se K.S.A. 60-1507 motion. In the motion, Livingston contended defense counsel was ineffective in (1) failing to present a defense of mental disease or defect during the plea and sentencing proceedings, (2) failing to file a motion to suppress Livingston's incriminating statements to law enforcement, and (3) failing to appreciate that Livingston was under the influence of antipsychotic medication which impaired his ability to voluntarily and intelligently enter his guilty plea. Livingston acknowledged that this motion was filed outside the one-year time limitation set forth in K.S.A. 60-1507(f) but argued that it was the only avenue by which his ineffective assistance of counsel claim could be considered, and that manifest

2

injustice necessarily occurs when the merits of a movant's time-barred claim are never considered by a court. In response, the State alleged that Livingston's motion should be denied because it was untimely and otherwise failed to assert a valid basis for relief.

The district court appointed counsel and in August 2015 held a nonevidentiary hearing where counsel presented their respective arguments. The district court denied Livingston's K.S.A. 60-1507 motion. In particular, the district court found: (1) the motion was untimely under K.S.A. 60-1507(f), (2) Livingston had failed to establish manifest injustice to justify extension of the one-year time limitation for filing a habeas action, and, alternatively, (3) the ineffective assistance of counsel claims lacked merit. Livingston timely appeals.

ANALYSIS

On appeal, Livingston contends the district court erred in denying his K.S.A. 60-1507 motion as untimely. He alleges that the one-year time limitation for filing a habeas action should be extended in this case to prevent manifest injustice because his attorney failed to present sufficient evidence of mitigation at sentencing. In his appellate brief, Livingston does not address the other issues raised in his K.S.A. 60-1507 motion. As a result, we find those issues have been waived or abandoned. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018).

When, as here, the district court denies a K.S.A. 60-1507 motion based only on the motions, files, and records after a preliminary hearing, our appellate court is in just as good a position as the district court to consider the merits. Accordingly, we exercise de novo review. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

A habeas corpus motion "must be brought within one year of . . . [t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the

3

termination of such appellate jurisdiction." K.S.A. 60-1507(f)(1)(i). After our Supreme Court affirmed Livingston's sentence, his conviction became final when the mandate was issued on January 9, 2002. Because Livingston's criminal case was concluded prior to July 1, 2003—the effective date of the 2003 amendment to K.S.A. 60-1507(f)(1) which established the one-year time limitation—Livingston had until July 1, 2004, to file a timely K.S.A. 60-1507 motion. See *Tolen v. State*, 285 Kan. 672, 674-75, 176 P.3d 170 (2008). There is no dispute that Livingston filed this K.S.A. 60-1507 motion on January 13, 2014—more than nine years after the July 1, 2004 deadline. Livingston's motion was clearly untimely.

Notably, the one-year time limitation for bringing an action may be extended by the district court "only to prevent a manifest injustice." K.S.A. 60-1507(f)(2). Relevant here, the definition of manifest injustice has changed over the last few years. In 2014, our Supreme Court held that manifest injustice must be determined by considering whether: (1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the K.S.A. 60-1507 motion within the time limitation, (2) the merits of the movant's claims raise substantial issues of law or fact deserving of the district court's consideration, and (3) the movant sets forth a colorable claim of actual innocence. *Vontress v. State*, 299 Kan. 607, Syl. ¶ 8, 325 P.3d 1114 (2014).

In 2016, the Legislature amended K.S.A. 60-1507, codifying the first and third factors set out by the *Vontress* court while deleting the second factor from consideration. See L. 2016, ch. 58, § 2; K.S.A. 2018 Supp. 60-1507(f)(2)(A); *Vontress*, 299 Kan. 607, Syl. ¶ 8. Manifest injustice, as defined by the amended statute, now requires the court to consider only: (1) "why the prisoner failed to file the motion within the one-year time limitation or [2] whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2018 Supp. 60-1507(f)(2)(A).

4

In 2018, our Supreme Court held that the 2016 amendments to K.S.A. 60-1507 do not apply to motions filed before July 1, 2016. *White v. State*, 308 Kan. 491, Syl. ¶ 1, 421 P.3d 718 (2018). Here, because Livingston filed his motion before July 1, 2016, we must consider all three *Vontress* factors to determine whether manifest injustice warrants an extension of the one-year time limitation for filing the motion. Importantly, Livingston makes no claim of actual innocence under the third *Vontress* factor. As a result, we will consider the first two *Vontress* factors.

*Reasons for delay in filing*

With regard to the first factor, Livingston asserts that he was unaware of the statutory time limit to file K.S.A. 60-1507 actions until he filed his motion in 2014. He contends that it is unfair to hold him to a deadline that he was not informed of and that did not exist at the time of his direct appeal.

But Kansas appellate courts have held that "a pro se K.S.A. 60-1507 movant is in the same position as all other pro se civil litigants and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel." *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007); *Clemons v. State*, 39 Kan. App. 2d 561, 567, 182 P.3d 730 (2008) (same). Significantly, our Supreme Court has also found that "[t]he legislature's adoption of a 1-year time limit for filing motions under K.S.A. 60-1507 put all persons, including inmates . . . on constructive notice of the new provision. [Citations omitted.]" *Tolen*, 285 Kan. at 676. In keeping with *Tolen*'s precedent, Livingston's claim of ignorance of the law is not a persuasive reason for the delay in filing his K.S.A. 60-1507 motion.

*Merits of Livingston's claim*

With regard to the second *Vontress* factor, Livingston argues that his ineffective assistance of counsel claim, predicated on defense counsel's failure to present evidence of mitigating factors at sentencing, raised a substantial issue deserving of the district court's consideration and, thus, warrants an extension of time to file the K.S.A. 60-1507 motion.

To prevail on a claim of ineffective assistance of counsel, a movant must establish (1) counsel's performance was deficient under the totality of the circumstances and (2) prejudice, i.e., a reasonable probability that but for counsel's deficient performance, the outcome of the proceeding would have been different. See *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015). Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential. Of note, the reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014).

In his brief, Livingston does not apply the two-prong test for addressing constitutional ineffective assistance of counsel violations. Instead, he complains that his counsel failed to zealously represent him in arguing against a hard 50 life sentence. He also asserts that counsel should have done more to refute the aggravating factors alleged by the State. Livingston claims that his counsel's arguments in favor of mitigation, standing alone, were insufficient and that counsel instead should have presented expert testimony and/or documents relating to Livingston's mental health.

We have independently reviewed the transcript of Livingston's sentencing. Contrary to his claim of error, the record reflects that defense counsel's conduct at the sentencing hearing was not deficient. At the hearing, Livingston apologized for his actions and advised the district court that he had smoked crack cocaine on the night of the murder and "couldn't handle it." Counsel then informed the court that Wyandot Mental

6

Health Center had evaluated Livingston prior to his guilty plea and diagnosed him with a psychotic disorder. Counsel stated that Livingston was now competent and currently on medication to treat the disorder, but he wanted the court to know that Livingston had the disorder at the time of the murder.

Additionally, defense counsel argued against the aggravating factors asserted by the State and noted that Livingston had accepted responsibility for the crime by voluntarily turning himself in and confessing to the murder. Counsel also argued that Livingston's impaired mental capacity was further diminished because he was on crack cocaine at the time of the murder.

We note there is nothing in the record to suggest that the district court challenged or questioned defense counsel's assertions or requested proof of Livingston's mental health diagnosis. Counsel's arguments in support of mitigating factors and in opposition to aggravating factors were within the broad range of reasonable professional assistance and did not constitute deficient performance.

But even if Livingston had established deficient performance, he has failed to show the prejudice required to prevail on an ineffective assistance of counsel claim. See *Sprague*, 303 Kan. at 426. On this record, there is no indication that Livingston's sentence would have been different had counsel presented additional argument or evidence at the sentencing hearing. The district court appeared to accept counsel's arguments at face value and did not challenge any of the claims of mitigation by counsel or Livingston, personally. In short, the court simply was not persuaded by these attempts at mitigation. There is nothing in the record to suggest that the district court would have sentenced Livingston differently in light of any additional argument or evidence relating to Livingston's mental capacity or his drug use.

On the contrary, in imposing Livingston's hard 50 life sentence, the district court emphasized the cruel and heinous nature of the crime and stated, "there are no mitigating circumstances which would outweigh [the aggravating factors offered by the State]." Livingston fails to establish that introduction of additional argument or evidence would have triggered a reasonable probability that the outcome of the sentencing proceeding would have been different. See *Sprague*, 303 Kan. at 426. It is an appellant's burden to designate a record affirmatively showing prejudice. *State v. Kettler*, 299 Kan. 448, 465, 325 P.3d 1075 (2014). Livingston has failed in this regard.

In conclusion, Livingston does not provide a persuasive reason for his late filing under the first *Vontress* factor or establish that the merits of his ineffective assistance of counsel claim raised a substantial issue deserving of the district court's consideration under the second *Vontress* factor. We already have noted that Livingston does not make a claim of actual innocence under the third *Vontress* factor. Considering the totality of the circumstances related to the three *Vontress* factors, we find Livingston has failed to establish that manifest injustice warranted an extension of time to file his K.S.A. 60-1507 motion. Accordingly, we find no error.

Affirmed.