NOT DESIGNATED FOR PUBLICATION

No. 119,457

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GARNET C. TOLEN JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed August 16, 2019. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., STANDRIDGE, J., and NEIL B. FOTH, District Judge, assigned.

PER CURIAM: Garnet C. Tolen Jr. appeals the district court's summary denial of his motion to correct an illegal sentence. Tolen contends his sentence is illegal because the district court engaged in improper fact-finding when it classified his 1994 New Jersey conviction for aggravated criminal sexual contact as a felony rather than a misdemeanor. This contention has been thoroughly litigated and there is no need to look at it again. Tolen's sentence was lawful in 1999 from when it was imposed to when it was affirmed by this court in 2002. No later changes in caselaw alter that fact. We affirm the dismissal of his motion.

1

Tolen is serving a sentence for convictions of rape and aggravated criminal sodomy. His presentence investigation report stated his criminal history included three prior person felonies—kidnapping in Geary County, robbery in Fort Leavenworth, and aggravated criminal sexual contact in New Jersey. Tolen objected to his criminal history classification, arguing that his 1994 New Jersey conviction for aggravated criminal sexual contact should be scored as a person misdemeanor rather than a person felony.

At his sentencing, the court ruled that the New Jersey conviction should be scored as a person felony. With that holding, the court set Tolen's criminal history score at A and sentenced him to 740 months in prison.

Tolen appealed. *State v. Tolen*, No. 84,058, unpublished opinion filed January 11, 2002 (Kan. App.). In his direct appeal, Tolen objected to the classification of his New Jersey conviction of aggravated criminal sexual contact as a person felony and argued that it should be classified as a person misdemeanor. A panel of this court found the district court had properly classified his New Jersey conviction as a felony by comparing it to the Kansas crime of aggravated sexual battery, a severity level 5 person felony. See K.S.A. 21-3518(a), (b). This court affirmed Tolen's convictions and sentence. *Tolen*, No. 84,058, slip op. at 8-10.

*Tolen continues his attack on his criminal history score.*

After Tolen's direct appeal, he collaterally attacked his sentence. In 2005, Tolen filed a K.S.A. 60-1507 motion, which was denied by the district court as untimely. The Kansas Supreme Court later affirmed the dismissal of this motion as untimely in *Tolen v. State*, 285 Kan. 672, 676, 176 P.3d 170 (2008).

Tolen then filed a pro se motion to correct an illegal sentence in his civil K.S.A. 60-1507 case, contending that his New Jersey conviction was improperly classified. The

court denied Tolen's motion, finding that the motion to correct an illegal sentence was improperly filed in his civil case rather than in his criminal case. The court noted that the issue raised had been previously litigated and decided. Tolen did not appeal this decision.

Once again, Tolen filed a pro se motion to correct an illegal sentence, challenging the classification of his New Jersey conviction. This time, Tolen relied on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014) (*Murdock I*), *overruled by State v. Keel*, 302 Kan. 560, 375 P.3d 251 (2015), which held that all pre-1993 out-of-state convictions should be scored as nonperson felonies. The State responded that Tolen's motion was premature because a motion to reconsider was pending in *Murdock I*. The district court took Tolen's motion under advisement pending the outcome of the motion to reconsider in *Murdock I*.

Later—this time represented by counsel—Tolen filed a "Motion for Correction of Sentence," alleging that under the holding in *Murdock I*, his criminal history score was improperly scored as A. The next day, the district court ordered that both Tolen's pro se motion and his motion to correct an illegal sentence be taken under advisement until *Murdock I* was resolved. The State responded to the pending motions, denying the applicability of *Murdock I* and further arguing that it was wrongfully decided. In response, Tolen filed a motion advocating additional grounds for relief under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

After that, Tolen filed an amended motion for correction of an illegal sentence, essentially reiterating the applicability of *Murdock I* and *Apprendi* to his case.

The district court denied the pending motions to correct an illegal sentence, finding that *Murdock I* and *Apprendi* did not apply to alter Tolen's criminal history score. Tolen appealed. In turn, this court ordered Tolen to show cause why his appeal should not be summarily dismissed under *Keel*, 302 Kan. at 560. Tolen did not respond. As a

3

result, this court summarily affirmed the district court under Supreme Court Rule 7.041 (2019 Kan. S. Ct. R. 47).

Tolen then made his fifth attempt to lower his criminal history score. In this motion, Tolen once again challenged the classification of his New Jersey conviction of aggravated criminal sexual contact as a person felony. Tolen claimed the conviction should be classified as a misdemeanor, and he argued the district court erred by failing to follow the statutory procedure for classifying a prior crime and by engaging in unconstitutional fact-finding under *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013).

The district court denied Tolen's motion, ruling that the relitigation of the issue is barred by the doctrine of res judicata because a panel of this court had decided the precise issue raised here. The district court noted that our Supreme Court has applied res judicata to motions to correct an illegal sentence. See *State v. Conley*, 287 Kan. 696, Syl. ¶ 1, 197 P.3d 837 (2008). The district court also found that Tolen's motion to correct an illegal sentence is barred by the law-of-the-case doctrine.

*A recent Supreme Court case offers some guidance.*

After both parties filed their briefs in this case, our Supreme Court decided *State v. Murdock*, 309 Kan. 585, 439 P.3d 307 (2019) (*Murdock II*). The analysis in *Murdock II* is helpful. After Murdock was resentenced under our Supreme Court's holding in *Murdock I*, our Supreme Court overruled *Murdock I* in *Keel*. The State moved to correct Murdock's sentence under *Keel*. The district court granted the motion and sentenced Murdock for a third time. On appeal, Murdock argued that his second sentence was a legal sentence under *Murdock I*, and it did not become illegal after the change in law as a result of the holding in *Keel*. Our Supreme Court agreed and held that "the legality of a sentence

4

under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced." *Murdock II*, 309 Kan. at 591.

Similar to this case, arguments about the doctrines of res judicata and law of the case were issues before the court. But the *Murdock II* court recognized that the threshold question of whether the legality of a sentence is fixed when pronounced "informs the applicability of preclusionary doctrines to K.S.A. 22-3504 motions." 309 Kan. at 590-91. As in *Murdock II*, the merits of the legality of Tolen's sentence should be analyzed first.

At the time of Tolen's current offense, K.S.A. 1997 Supp. 21-4711(e) governed the classification of out-of-state convictions for criminal history purposes. K.S.A. 1997 Supp. 21-4711(e) provided:

> "Out-of-state convictions and juvenile adjudications will be used in classifying the offender's criminal history. An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas."

K.S.A. 1997 Supp. 21-4711(e) is silent on how to classify an out-of-state conviction if the convicting jurisdiction does not differentiate between felonies and misdemeanors. Here, Tolen was convicted of criminal sexual contact in the fourth degree. See N.J. Stat. Ann. § 2C:14-3b.

N.J. Stat. Ann. § 2C:14:3b states: "An actor is guilty of criminal sexual contact if he commits an act of sexual contact with the victim under any of the circumstances set forth in section 2C:14-2c (1) through (4)." N.J. Stat. Ann. § 2C:14-2c (1) through (4) states:

> "An actor is guilty of sexual assault if he commits an act of sexual penetration with another person in any of the following circumstances:

5

"(1) The actor uses physical force or coercion; but the victim does not sustain severe person injury;

"(2) The victim is on probation or parole, or is detained in a hospital, prison or other institution and the actor has supervisory or disciplinary power over the victim by virtue of the actor's legal, professional or occupational status;

"(3) The victim is at least 16 but less than 18 years old and

(a) The actor is related to the victim by blood or affinity to the third degree; or

(b) The actor has supervisory or disciplinary power over the victim; or

(c) The actor is a foster parent, a guardian, or stands in loco parentis within the household.

"(4) The victim is at least 13 but less than 16 years old and the actor is at least four years older than the victim."

The State notes that New Jersey does not distinguish its crimes as felonies and misdemeanors, but designates crimes in degrees ranging from first to fourth degree. See N.J. Stat. Ann. § 2C:43-1.

Here, the district court correctly identified that the New Jersey statute did not differentiate between a felony and a misdemeanor. For guidance, the district court looked to this court's holding in *State v. Hernandez*, 24 Kan. App. 2d 285, Syl. ¶ 2, 944 P.2d 188 (1997). In *Hernandez*, a panel of this court concluded that the Legislature intended for the sentencing court to compare the prior out-of-state conviction to the most comparable Kansas offense to determine whether it should be classified as a felony or misdemeanor when the convicting jurisdiction does not distinguish between felonies and misdemeanors. 24 Kan. App. 2d 285, Syl. ¶ 2. Relying on this approach, the district court held that "the elements of this crime would constitute a felony charge, a felony sex charge."

On direct appeal, this court followed the district court's approach, finding the most comparable Kansas offense to be aggravated sexual battery under K.S.A. 21-3518 and

6

concluding that the prior New Jersey conviction was correctly classified as a felony for criminal history purposes. *Tolen*, No. 84,058, slip op. at 8-9.

If we follow the same steps as the analysis in *Murdock II*, we must hold that Tolen's sentence was lawful when it was pronounced. In addition, Tolen's challenge to the classification of his New Jersey conviction as a felony became final after this court held the conviction was properly classified in his direct appeal. See *Tolen*, 84,058, slip op. at 8-9. As stated in *Murdock II*, "for purposes of a motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law." 309 Kan. at 591.

We acknowledge that our Supreme Court issued its opinion in *State v. Smith*, 309 Kan. 929, 441 P. 3d 472 (2019), which arguably changes the law, again. In *Smith*, our Supreme Court held that K.S.A. 2015 Supp. 21-6811(e)(2) precludes a district court from scoring a municipal ordinance violation when the convicting jurisdiction's municipal code failed to designate that violation as a felony or misdemeanor. 309 Kan. 929, Syl. ¶ 4. But under *Murdock II*, this subsequent change in the law does not render Tolen's sentence illegal. After all, Tolen challenged the classification of his New Jersey conviction as a felony in his direct appeal, and our court's decision denying his direct appeal was filed in 2002. *Tolen*, No. 84,058, slip op. at 8-9. In our view, Tolen's challenge to his sentence was final well before the *Smith* decision was rendered.

In his final argument, we note that Tolen's constitutional argument is based on his assertion that to compare his New Jersey offense to the most comparable Kansas offense, the district court engaged in impermissible judicial fact-finding. See *Descamps*, 570 U.S. 254; *Apprendi*, 530 U.S. 466. As pointed out by the State, that challenge is not based on statutory interpretation, but has a constitutional basis. A motion to correct an illegal sentence cannot be used to attack the constitutionality of a sentencing statute. *State v.*

7

*Lee*, 304 Kan. 416, 418, 372 P.3d 415 (2016). Thus, it cannot support this most recent challenge.

Affirmed.