NOT DESIGNATED FOR PUBLICATION

No. 119,935

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

PAUL STEVEN HERNANDEZ,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Finney District Court; RICKLIN PIERCE, judge. Opinion filed December 6, 2019. Affirmed.

*Jaskamal P. Dhillon*, of Jaskamal P. Dhillon, P.A., of Garden City, for appellant.

*Kristi Cott*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., LEBEN, J., and BURGESS, S.J.

PER CURIAM: Paul Steven Hernandez appeals the district court's summary dismissal of his second request for habeas corpus relief under K.S.A. 60-1507. The district court found that Hernandez' motion had been filed beyond a deadline set by law. Hernandez filed his motion more than one year after the dismissal of his direct appeal, so K.S.A. 2018 Supp. 60-1507(f)(2) provides that he must show that an extension of the one-year time limit is necessary to prevent "manifest injustice." Because Hernandez did not make a showing of manifest injustice, the district court properly dismissed his claim. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Hernandez of aggravated robbery and intimidation of a victim or witness. Hernandez appealed his convictions and sentence, but our court found no error and affirmed the district court. *State v. Hernandez*, No. 107,750, 2013 WL 5422314 (Kan. App. 2013) (unpublished opinion). Hernandez asked the Kansas Supreme Court to review the case, but that court declined to do so. The Clerk of the Appellate Courts issued the mandate—ending appellate-court jurisdiction—on June 18, 2014. That triggered the one-year deadline for Hernandez to ask for habeas relief.

Hernandez timely filed a habeas claim within that one-year period. But the district court found no merit to it and dismissed the claim. Hernandez appealed, but he filed the appeal more than 30 days after the district court entered judgment—and that's the time limit established by statute to appeal. See K.S.A. 2018 Supp. 60-2103(a). So this court remanded to the district court to determine whether any exceptions applied that would allow Hernandez to proceed with his untimely appeal. Finding none, the district court dismissed Hernandez' first motion. We then affirmed that ruling. *Hernandez v. State*, No. 117,179, 2018 WL 1247383 (Kan. App.) (unpublished opinion), *rev. denied* 308 Kan. 1594 (2018). Hernandez asked for Kansas Supreme Court review, but that was denied on October 30, 2018. While the petition for Kansas Supreme Court review was pending, Hernandez filed a second habeas claim on April 16, 2018.

Hernandez' second claim raised several grounds for attacking his convictions, including: (1) ineffective assistance of trial and appellate counsel; (2) erroneous jury instructions; and (3) prosecutorial misconduct. The district court considered and rejected each ground as a basis for attacking Hernandez' convictions. It also found that Hernandez had not timely filed his motion because more than one year had passed since his direct appeal concluded in June 2014. Finding no showing of manifest injustice, the district

2

court dismissed Hernandez' second motion. Hernandez now appeals the district court's dismissal of his second motion.

ANALYSIS

Hernandez argues that the district court erred in dismissing his motion without a hearing. Although his brief also raises other issues, we need not reach those issues because Hernandez did not timely file his motion for habeas relief. Because the motion was filed after the one-year deadline, Hernandez must make a showing of manifest injustice to avoid dismissal. Hernandez alleges that certain errors in his trial constitute manifest injustice. But the 2016 amendment to K.S.A. 60-1507(f) precludes consideration of mere trial errors as a justification for manifest injustice. Hernandez offers no other reason for extending the time deadline, so we find that his claims were untimely and affirm the district court's judgment.

A district court may summarily deny an inmate's habeas motion without holding an evidentiary hearing when the court's file conclusively shows that the prisoner is entitled to no relief. K.S.A. 2018 Supp. 60-1507(b). When a district court does so, we independently review the motion and case file to determine whether they do, in fact, conclusively show that the prisoner isn't entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

One way that a defendant may not be entitled to relief is if the prisoner's motion isn't timely filed. A motion is timely if it is filed within one year of the final disposition of a direct appeal of the defendant's conviction. K.S.A. 2018 Supp. 60-1507(f)(1). This one-year time limit begins on the "date the mandate is issued by the last appellate court" exercising jurisdiction over the prisoner's appeal. Supreme Court Rule 183(c)(4)(A) (2019 Kan. S. Ct. R. 229). If a motion is untimely, the district court must dismiss the

3

motion unless it determines that extending the time limit is necessary to prevent manifest injustice. K.S.A. 2018 Supp. 60-1507(f)(3).

Hernandez does not dispute that his motion was untimely. The Kansas Supreme Court denied Hernandez' petition for review of his direct appeal on June 17, 2014. The one-year time limit on Hernandez' claim started to run the next day on June 18 when the Clerk of the Appellate Courts issued the mandate. But Hernandez did not file his second motion until April 2018—almost four years later. So the district court correctly concluded that his motion was untimely.

The district court then had to determine whether Hernandez had justified an extension of the one-year deadline based on manifest injustice. When determining manifest injustice, the district court is limited to considering the defendant's reasons for failing to timely file and whether the defendant makes a colorable claim of actual innocence. K.S.A. 2018 Supp. 60-1507(f)(2)(A). The district court correctly concluded that Hernandez had not provided persuasive reasons for the delay in filing or made a colorable claim of actual innocence.

First, Hernandez didn't offer persuasive reasons for failing to timely file his habeas claim. In determining the reasons Hernandez failed to timely file his motion, this court cannot consider the merits of Hernandez' claim. The 2016 amendment to K.S.A. 60-1507(f) precludes courts from considering the merits when determining manifest injustice. Before the amendment, the Kansas Supreme Court had adopted a totality-of-the-circumstances approach when evaluating manifest injustice. *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014). That analysis allowed courts to consider whether "the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration." 299 Kan. at 616. But after the 2016 amendment, courts cannot consider the importance of a motion's merits in determining manifest injustice. *White v. State*, 308 Kan. 491, 496-97, 421 P.3d 718 (2018). Instead, they may only

4

consider the reasons for failing to timely file and any colorable claims of actual innocence. K.S.A. 2018 Supp. 60-1507(f)(2)(A). In short, this court cannot consider any argument based on the merits of the underlying habeas claim—unless it shows actual innocence—when determining manifest injustice.

The manifest-injustice argument in Hernandez' brief simply relates to the merits of his motion. In his response to the district court's dismissal of his motion as untimely, for example, Hernandez argues that the "exceptional circumstance warranting review" of his untimely motion is that he "has alleged ineffective assistance of counsel," an allegation "never addressed by this court" because it dismissed the appeal of his first motion as untimely. Hernandez later argues that his motion raises "serious issues" about ineffective assistance of counsel justifying an extension. And later still Hernandez contends that his allegations of prosecutorial misconduct constitute manifest injustice because they shock the conscience. These arguments are merely restatements of the motion's substantive claims, not explanations for Hernandez' delay in filing.

Hernandez' brief does contain a few statements that could be construed as a manifest-injustice argument, though he doesn't explicitly label them as such. For example, Hernandez states that he isn't well versed in legal knowledge and has been incarcerated for many years. If these statements were intended to explain the delay in filing, they don't establish manifest injustice. Even if Hernandez wasn't actually on notice of the one-year requirement because he was incarcerated or lacked legal knowledge, all inmates have been on constructive notice of the requirement since it was added by the Legislature to K.S.A. 60-1507(f) in 1998. *Tolen v. State*, 285 Kan. 672, 676, 176 P.3d 170 (2008). Hernandez also managed to timely file his first habeas claim despite his incarceration and lack of legal knowledge. So Hernandez' statements that his incarceration and lack of legal knowledge constitute manifest injustice aren't persuasive. Without these statements, the only explanation provided in Hernandez' brief for the filing

5

delay is his merits argument; the text of K.S.A. 2018 Supp. 60-1507(f)(2)(A) precludes this court from considering this explanation when determining manifest injustice.

Hernandez' motion in the district court also doesn't offer a non-merits explanation for the delay. The motion's sole reference to the issue asserts that manifest injustice exists because Hernandez' trial and appellate counsel inadequately argued his case. Like the arguments in his brief, this assertion merely restates his substantive claims and does not explain the untimely filing. His motion does contain a section about "exceptional circumstances," which he may have intended to be an argument about manifest injustice, but this section also merely restates his substantive claims. So neither Hernandez' motion nor his brief provides any valid explanation for the delay in filing his motion other than the merits. But because the 2016 amendment to K.S.A. 60-1507(f) precludes consideration of the merits in determining manifest injustice, Hernandez has not provided a persuasive reason excusing his delay in filing.

Second, Hernandez doesn't state a colorable claim of actual innocence. A colorable claim of actual innocence "requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2018 Supp. 60-1507(f)(2)(A). As the district court noted, Hernandez' motion didn't explicitly make a claim of actual innocence: his motion contained allegations of trial errors, not a claim of actual innocence. And Hernandez offers no *new* evidence supporting these allegations that has come to light since he filed his first habeas claim.

In sum, Hernandez filed his motion well beyond the one-year deadline, and he has not shown manifest injustice, which is required before we may extend that deadline. We therefore affirm the district court's judgment.