NOT DESIGNATED FOR PUBLICATION

No. 121,409

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JERRY W. TRUSSELL,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; DAVID A. RICKE, judge. Opinion filed September 4, 2020.
Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Darrin C. Devinney*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN and BUSER, JJ.

PER CURIAM: Jerry W. Trussell appeals the district court's summary denial of his
K.S.A. 60-1507 motion. Upon our review, we hold the district court did not err in
summarily denying the motion because it was untimely filed and there was no showing
that extending the one-year time period was necessary to prevent manifest injustice. See
K.S.A. 2019 Supp. 60-1507(f). Accordingly, the district court's summary denial is
affirmed.

1

In 2007, a jury convicted Trussell of aiding and abetting first-degree murder and conspiracy to commit first-degree murder. A detailed summary of the facts presented at the jury trial can be found at *State v. Trussell*, 289 Kan. 499, 213 P.3d 1052 (2009).

After his conviction, Trussell filed a direct appeal to the Kansas Supreme Court. Trussell asserted numerous claims of error. First, Trussell claimed there was insufficient evidence at trial. But our Supreme Court rejected this argument finding "the evidence of premeditation in this case was more than sufficient to support the first-degree murder conviction." 289 Kan. at 504. Second, Trussell asserted there was jury instruction error, but our Supreme Court found that under the facts of the case "the trial court was not obligated to give a self-defense of others instruction in absence of a request for such an instruction." 289 Kan. at 505.

The Kansas Supreme Court also rejected Trussell's argument that it was error to admit in evidence an incriminating interview Trussell gave to a detective. The court noted that "our review is constricted to some degree because the transcript from the first trial is not in the record," but nevertheless, "we affirm the district court's determination that [Trussell] was not in custody and the failure to give him the *Miranda* warnings did not mandate the suppression of his statements." 289 Kan. at 506, 509.

Trussell also argued that the district court erred in allowing the prosecutor to ask leading questions during direct examination. But our Supreme Court noted that "each time the defense objected to the prosecutor's use of a leading question, the trial court sustained the objection, unless the prosecutor offered to rephrase or withdraw the question. " 289 Kan. at 509. In this regard, the Supreme Court found the trial court did not err. As to the leading questions that defense counsel did *not* object to, the Supreme Court observed that "perhaps prosecutorial misconduct could be an avenue to seek

redress . . . . However, [Trussell] did not raise an issue of prosecutorial misconduct." 289 Kan. at 510. Accordingly, "those errors were not preserved for review." 289 Kan. at 509.

Finally, Trussell asserted the trial court erred in declaring one witness a hostile witness. The Supreme Court rejected this argument, however, finding that the district court "did not abuse its discretion in declaring [the witness] to be hostile to the State." 289 Kan. at 512.

The Kansas Supreme Court affirmed Trussell's convictions on direct appeal, 289 Kan. at 512, and the mandate was filed on September 17, 2009.

Almost 10 years later, on May 6, 2019, Trussell filed a motion under K.S.A. 60-1507 for habeas relief. In his motion, Trussell alleged multiple claims (including four claims related to his direct appeal) of ineffective assistance by his trial and appellate attorney, Michael C. Brown. These claims included defense counsel's failure to: (1) investigate the facts of the case, (2) properly impeach witnesses and object to leading questions at trial, (3) object to the charging document, (4) submit a complete transcript on appeal, and (5) argue prosecutorial misconduct on appeal. Trussell also claimed his due process rights were violated when the prosecutor repeatedly asked leading questions on direct examination.

Trussell addressed the timeliness of his motion, arguing it was not time-barred because he was not represented by adequate counsel at the time of trial and, as a result, the trial court did not have jurisdiction to enter judgment against him. In making this argument, Trussell alleged: "Brown's ineffective assistance left me to believe that I had no way to challenge the results or help myself in this case." Trussell also contended that he did not have the proper educational background to know what was right and wrong concerning the legal process but after years of educating himself, he had learned that his rights were violated.

3

Trussell attached to his K.S.A. 60-1507 motion a letter from Chief Judge David Ricke, dated March 25, 2016, which the judge sent in response to a letter dated February 29, 2016, that Trussell had sent to the court. In his letter, Judge Ricke informed Trussell that the inmate's letter "might be liberally construed as a request for relief under K.S.A. 60-1507(a). . . . The court declines to make any specific ruling in that regard at this time." After quoting that portion of Judge Ricke's letter, Trussell asserted in his motion that "there is something that is questionable here, yet the Judge is content to let this go on."

On May 14, 2019, Judge Ricke dismissed Trussell's motion, finding that the one-year time period had been exceeded and that dismissal of Trussell's motion would not result in manifest injustice.

ANALYSIS

When a district court denies a K.S.A. 60-1507 motion without holding a hearing an appellate court's review is unlimited. The goal of our review is to determine whether the motion, files, and records of the case conclusively show that the movant is entitled to no relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

As applied to this case, under K.S.A. 2019 Supp. 60-1507(f)(1), Trussell was required to file his K.S.A. 60-1507 motion within one year after the issuance of the Kansas Supreme Court's mandate on direct appeal. Trussell does not deny that his motion was untimely under K.S.A. 60-1507(f)(1). As the district court found:  "It is crystal clear that Trussell's motion under K.S.A. 60-1507 is many years beyond the one-year limitation established by subsection (f). Trussell's appellate mandate was filed in September of 2009; his present motion was filed nearly 10 years later." We agree with the district court that Trussell's motion was untimely.

4

When a K.S.A. 60-1507 motion is untimely, an extension of the time period is permitted only "to prevent manifest injustice." K.S.A. 2019 Supp. 60-1507(f)(2). Under this statute, an inmate must either show some good reason why the motion was not filed within the time period or present a colorable claim of actual innocence. K.S.A. 2019 Supp. 60-1507(f)(2)(A). This statutory definition of manifest injustice applies to Trussell's motion because he filed it after the statute was amended on July 1, 2016. See *White v. State*, 308 Kan. 491, 503, 421 P.3d 718 (2018).

The crux of Trussell's appeal is that the district court erred when it found no manifest injustice would result in the dismissal of Trussell's motion. In particular, Trussell reprises the argument he made in the district court that "he was prevented from raising any of these issues because of Mr. Brown's appellate representation." Trussell also reiterates that he was not educated enough to understand what issues to raise and he had "to train himself to be his own attorney." Lastly, Trussell argues—for the first time on appeal—that Judge Ricke's letter discouraged him from timely filing the K.S.A. 60-1507 motion because the district court "might not consider any filing he made."

The district court ruled that Trussell had not presented any persuasive reasons or circumstances that prevented him from timely filing his K.S.A. 60-1507 motion. According to the district court:

> "The court's first inquiry shall attempt to determine why the prisoner failed to file his motion within the one year time limitation. The motion and accompanying papers do not attempt to explain this, except for a statement in an affidavit that 'my state appointed defense counsel Michael C. Brown did not inform me that I had a right to file a motion for K.S.A. 60-1507 and that which has NO LIMITS. . . .'
> "However, the Kansas Supreme Court's decision in Tolen v. State, 285 Kan. 672, 676 (2008) found that the legislature's adoption of a 1-year time limit for filing motions under K.S.A. 60-1507 put all persons, including inmates, on constructive notice of the new provision. Tolen also restates the rule that everyone is presumed to know the law,

and noting that the rule is so well established that it requires no citation to authority. Therefore, Trussell had constructive notice of the one-year limitation and failed to act within it.

> "This court also observes that Trussell appears to have been well aware of the Supreme Court's decision in his case, and any criticisms or errors the State's highest court may have pointed out. Trussell should have been also well aware of any grounds for ineffectiveness of his trial/appellate attorney and should have raised those issues within the one year time limitation. In other words, the grounds for his motion have not been 'newly discovered,' and persuasive reasons or circumstances have not been shown that prevented Trussell from filing his motion within the 1-year time limitation."

As explained by the district court, Trussell attributes his delay in filing the K.S.A. 60-1507 motion to ineffective representation by his defense counsel at trial and on direct appeal. But Trussell's claim that he was prevented from raising any issues in a K.S.A. 60-1507 motion because of defense counsel's representation is conclusory. Although Trussell complains that defense counsel did not inform him of his right to file a K.S.A. 60-1507 motion that has "no limits," he does not favor us with legal precedent that a similar claim has resulted in a Kansas appellate court making a finding of manifest injustice in such a circumstance.

Second, in *State v. Tolen,* 285 Kan. 672, 676, 176 P.3d 170 (2008), our Supreme Court established that the Legislature's adoption of a one-year time limit for filing motions under K.S.A. 60-1507 in 2003 put all persons, including inmates, on constructive notice of the one-year time period. Of note, Trussell was convicted in 2007, after passage of this legislation. Moreover, the well-established legal axiom that everyone is presumed to know the law remains true to the present day. See 285 Kan. at 676.

Third, we agree with the district court that Trussell's claim that he did not file his motion sooner because he lacked the knowledge or education to identify what issues existed and he needed time to educate himself is not a persuasive reason to delay almost

10 years in filing the motion. As the district court noted, Trussell's K.S.A. 60-1507 claims of ineffectiveness, relating to his attorney's failure to object to the prosecutor's leading questions and failure to raise the issue of prosecutorial misconduct, were issues previously discussed by our Supreme Court in its opinion on direct appeal. Upon issuance of the opinion, Trussell was clearly aware of the existence of these potential claims of error in the fall of 2009. Our review finds that four of the claims related to issues addressed on direct appeal, and the other trial errors Trussell now raises in his K.S.A. 60-1507 motion, were known and could have been raised within the one-year time period.

Fourth, Trussell's argument that Judge Ricke's letter discouraged him from filing a timely K.S.A. 60-1507 motion is not persuasive for the simple reason that the letter was dated March 25, 2016—over five years beyond the expiration of the one-year deadline for timely filing under K.S.A. 60-1507(f)(1).

In summary, we find no error in the district court's conclusion of law that Trussell's explanations for his delay in timely filing his K.S.A. 60-1507 motion were not persuasive.

Next, we consider the second potential basis to extend the time period for timely filing a K.S.A. 60-1507 motion—whether Trussell made a colorable claim of innocence. See K.S.A. 2019 Supp. 60-1507(f)(2)(A). In considering this basis, the district court made the following findings:

> "The court has also examined the motion to determine whether the prisoner makes a colorable claim of actual innocence. Trussell takes issue with his attorney's performance, alleges prosecutorial misconduct at trial (leading questions), malicious prosecution, and [disparate] treatment on his sentence but fails to set forth any colorable claim of actual innocence. Even if some language used by Trussell could be construed as an actual innocence claim, Trussell must make more than conclusory contentions and must state an evidentiary basis in support of any such claim. The prisoner has not shown

that it is more likely than not that no reasonable juror would have convicted him in light of what he now presents. This court cannot find anything in the motion which would create circumstances that would be obviously unfair or shocking to the conscience if a dismissal for untimely filing would be ordered."

Our review of Trussell's K.S.A. 60-1507 motion confirms the district court's analysis. Moreover, not only does Trussell fail to set forth a colorable claim of innocence in his motion, in his letter to Judge Ricke he asserted: "I would concede to actually being guilty of 'aiding and abetting voluntary manslaughter.'" This concession is inconsistent with a claim of actual innocence. Finally, Trussell does not make a claim of actual innocence on appeal. Accordingly, this potential argument is waived. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (stating an issue not briefed is deemed waived or abandoned).

In conclusion, we hold that Trussell failed to file his K.S.A. 60-1507 motion in compliance with the time period established by K.S.A. 2019 Supp. 60-1507(f)(A). Additionally, Trussell has not shown that extension of the time period was necessary to prevent a manifest injustice as set forth in K.S.A. 2019 Supp. 60-1507(f)(2)(A). Accordingly, we find no error in the summary dismissal of Trussell's motion.

Affirmed.