NOT DESIGNATED FOR PUBLICATION

No. 121,439

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES CHRISTOPHER MCKENITH,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Riley District Court; MERYL D. WILSON, judge. Opinion filed December 23, 2020.
Affirmed.

*Jonathan B. Phelps*, of Phelps-Chartered, of Topeka, for appellant.

*David Lowden*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before BUSER, P.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM: The Riley County District Court denied James McKenith's K.S.A.
60-1507 motion as untimely, finding he failed to establish manifest injustice. On appeal,
McKenith argues the district court erred in so ruling and contends his ignorance of the
one-year filing deadline for K.S.A. 60-1507 motions constituted manifest injustice
excusing his late filing. Finding no error, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2013, the State charged McKenith with premeditated, first-degree murder. As a result of a plea agreement, McKenith ultimately pleaded no contest to first-degree, felony murder. Prior to sentencing, McKenith sent two letters to the court asking for leniency at sentencing in which he raised concerns about the performance of his counsel and noted the voluntariness of his confession and his cooperation with the police. McKenith's counsel then filed a motion for a downward dispositional departure to the sentencing grid, with a term of 240 months. At sentencing, the district court inquired about the allegations in McKenith's letters. McKenith responded that he did not wish to withdraw his plea and that he was satisfied with the performance of his trial counsel. The district court sentenced McKenith to life in prison, with eligibility for parole after 20 years. But the court did not expressly deny McKenith's motion for a downward departure at the sentencing hearing. Due to this oversight, the court later conducted a resentencing, during which it imposed the same mandatory sentence and expressly denied McKenith's motion for a downward departure. Thereafter, McKenith appealed to the Kansas Supreme Court. His appeal was summarily dismissed on June 1, 2015.

Over two years later, on August 11, 2017, McKenith filed a pro se K.S.A. 60-1507 motion, alleging his *Miranda* rights had been violated and that he had received ineffective assistance of counsel. Regarding the alleged *Miranda* violation, McKenith noted that he never waived his rights prior to confessing to the murder. Regarding his ineffective assistance of counsel claim, McKenith claimed his trial counsel never conducted any trial preparation, failed to file a motion to suppress his statements during the interrogation, and misled him about the sentencing consequences of his plea. McKenith also noted that he had not previously raised these claims because he was "just now understanding the law and how it pertains to [his] case." He further commented: "I was not informed of a time limit on filing of motions. So my hope is consideration will be

2

giving to my motion due to my new understanding of the law and my lack of information from counsel."

The State filed a response, noting that the evidence against McKenith was overwhelming, that he received effective assistance of counsel, and that his plea was knowingly entered. The district court appointed McKenith counsel to represent him on the matter, but that counsel soon withdrew due to a conflict of interest. Without appointing replacement counsel, the district court summarily dismissed McKenith's motion. Thereafter, McKenith and the State jointly moved for summary disposition, and this court remanded the matter for further proceedings before the district court.

Although the State had not initially argued that McKenith's motion was untimely, on remand it argued McKenith had failed to establish manifest injustice justifying his late filing and therefore his motion should be denied. McKenith then filed a pro se motion asking for an evidentiary hearing. The court appointed him an attorney, who filed a response to the State's contention that his motion should be dismissed as untimely.

The district court then held a preliminary hearing on McKenith's motion to determine whether he was entitled to an evidentiary hearing due to his untimely filing. McKenith contended that he was not advised of his right to seek relief by any of his previous attorneys and that he promptly filed his motion upon learning about K.S.A. 60-1507 from a fellow inmate. The State stipulated to this assertion but maintained that McKenith's lack of knowledge about the filing deadline did not constitute manifest injustice justifying extending the one-year timeline.

In ruling on the motion, the district court noted that McKenith's attorneys did not advise him of his right to seek relief under K.S.A. 60-1507 nor of the one-year filing deadline to do so, and that McKenith learned of his right to file a habeas action from a fellow inmate. Regardless, the court found that McKenith's petition was untimely filed

3

and that he had failed to show manifest injustice: McKenith did not make a colorable claim of actual innocence, and his ignorance of the one-year deadline to file under K.S.A. 60-1507 was insufficient to excuse his late filing. The court specifically stated:

> "Based upon the case law that I've been provided and that I've reviewed as set forth in the State's Memorandum I do not believe that the fact that he had no knowledge of the year in and of itself allows him to file this motion, and the fact that the attorneys who represented him up until July and August of 2017 did not inform him does not change the fact or create an excuse which would allow the Court to once again find manifest injustice and allow it to be filed out of time."

Accordingly, the district court denied McKenith's motion.

McKenith timely appealed.

ANALYSIS

The district court denied McKenith's motion without holding an evidentiary hearing because it found the motion was untimely filed and was therefore procedurally barred. On appeal, McKenith argues that his ignorance of his rights under K.S.A. 60-1507 and of the filing deadline for asserting those rights constituted sufficient grounds to establish manifest injustice. McKenith recognizes that our Kansas Supreme Court has explicitly rejected this argument but nevertheless contends this court should grant him relief and rule that trial and appellate counsel must "inform their clients of the deadline for presenting their challenges to their convictions, post-appeal."

Our standard of review on the denial of a K.S.A. 60-1507 motion depends on how the motion was dealt with by the district court. A district court has three options to resolve such a motion: (1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion

4

summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists and hold a preliminary hearing after appointment of counsel—if the court thereafter determines no substantial issue exists, the court can then deny the motion; or (3) the court can require an evidentiary hearing. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

Here, the district court held a preliminary hearing and denied McKenith's motion—the second option. When a district court denies a K.S.A. 60-1507 motion based only on the motions, files, and records after a preliminary hearing, an appellate court is in as good a position as the district court to consider the merits. The appellate court exercises de novo review. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

K.S.A. 2019 Supp. 60-1507 sets forth restrictions on the consideration of motions that are either untimely or successive. Regarding timeliness, K.S.A. 2019 Supp. 60-1507(f)(1) requires a movant to bring his or her motion within one year of (1) the termination of state appellate jurisdiction over a direct appeal or (2) the United States Supreme Court's denial of a petition for writ of certiorari. See K.S.A. 2019 Supp. 60-1507(f)(2) (one-year time limit to file motion may be extended by the court only to prevent a manifest injustice); *Noyce v. State*, 310 Kan. 394, 399, 447 P.3d 355 (2019). McKenith filed his motion on August 11, 2017, which was almost two years after the Kansas Supreme Court issued its mandate summarily dismissing his direct appeal, and he does not contest that his motion was untimely.

Although the one-year time limit to file a K.S.A. 60-1507 motion may be extended, the district court may only do so to prevent a manifest injustice. K.S.A. 2019 Supp. 60-1507(f)(2). "In the context of a habeas corpus proceeding, 'manifest injustice' means ""obviously unfair"" or ""'shocking to the conscience.""" [Citations omitted.]" *Thuko v. State*, 310 Kan. 74, 81, 444 P.3d 927 (2019). K.S.A. 2019 Supp. 60-

5

1507(f)(2)(A), which applies to K.S.A. 60-1507 motions filed after July 1, 2016, such as McKenith's, defines the contours of the manifest injustice standard: "[T]he court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." See *White v. State*, 308 Kan. 491, Syl. ¶ 1, 421 P.3d 718 (2018) (the 2016 legislative amendments to K.S.A. 60-1507 do not apply retroactively); *Hayes v. State*, 307 Kan. 9, 14, 404 P.3d 676 (2017) ("The plain language of the statute makes it clear that courts are limited to considering (1) a movant's reasons for the failure to timely file the motion and (2) a movant's claims of actual innocence."). McKenith bears the burden to establish manifest injustice by a preponderance of the evidence. *Noyce*, 310 Kan. at 400.

McKenith does not assert any colorable claim of actual innocence. Instead, he focuses his argument for the failure to timely file his motion on his assertion that trial and appellate counsel's failure to advise him of the filing deadline for K.S.A. 60-1507 motions justified his late filing. The remainder of his brief pertains to his underlying claims of the alleged *Miranda* violation and ineffective assistance of counsel rather than on his reasons for his late filing. Accordingly, the applicability of any extension of the one-year filing deadline under K.S.A. 2019 Supp. 60-1507(f)(2) rests on whether McKenith's claimed excuse for his late filing met the manifest injustice standard and that the district court erred in concluding it did not.

As noted above, the district court found that McKenith filed his motion beyond the one-year filing deadline. McKenith does not contest this fact. McKenith's sole explanation for his late filing is that he was not aware of his rights under K.S.A. 60-1507 until he was informed by a fellow prisoner. As McKenith plainly recognizes in his brief, our Kansas Supreme Court has repeatedly held that ignorance of the filing timeline under K.S.A. 60-1507 does not, in and of itself, constitute manifest injustice. See *Tolen v. State*, 285 Kan. 672, 676, 176 P.3d 170 (2008) ("The legislature's adoption of a 1-year time

6

limit for filing motions under K.S.A. 60-1507 put all persons, including inmates . . . , on constructive notice of the new provision."); *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007) ("[A] pro se K.S.A. 60-1507 petitioner is in the same position as all other pro se civil litigants, and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel."). Other panels of this court have routinely found that a K.S.A. 60-1507 movant's lack of knowledge of legal issues does not establish manifest injustice. See, e.g., *Harris v. State*, No. 120,942, 2020 WL 1482424, at *2-3 (Kan. App. 2019) (unpublished opinion), *rev. denied* 312 Kan. ___ (September 30, 2020); *Martinez v. State*, No. 120,488, 2019 WL 6798971, at *3 (Kan. App. 2019) (unpublished opinion), *rev. denied* 311 Kan. ___ (July 28, 2020); *Gaona v. State*, No. 119,244, 2019 WL 1496295, at *4 (Kan. App.) (unpublished opinion), *rev. denied* 310 Kan. 1061 (2019). The fact that McKenith only recently learned about his rights under K.S.A. 60-1507 and was never informed of those rights by his trial or appellate counsel does not excuse his failure to meet the one-year filing timeline.

McKenith's ignorance of the law and his failure to make a colorable claim of innocence are fatal to his argument. McKenith has failed to carry his burden of proving manifest injustice that would excuse the untimely filing of his K.S.A. 60-1507 motion. The district court did not err in dismissing the motion after the preliminary hearing.

Affirmed.