(182 P.3d 730)

No. 96,130

MARCUS D. CLEMONS, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed April 25, 2008.

*Marcus D. Clemons,* appellant pro se.

*Michael P. Whalen,* of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Kristi L. Barton,* assistant district attorney, *Matt J. Maloney,* assistant district attorney, *Nola Tedesco Foulston,* district attorney, and *Paul J. Morrison,* attorney general, for appellee.

Before BUSER, P.J., GREEN and CAPLINGER, JJ.

BUSER, J.: Marcus D. Clemons appeals the denial of his pro se K.S.A. 60-1507 motion filed in Sedgwick County District Court. The district court's denial was based in part on Clemons' failure to

file his motion within the 1-year limitation period provided in K.S.A. 60-1507(f)(1). Clemons does not deny that he filed his motion beyond the 1-year limitation period. He contends the 1-year limitation period was equitably tolled during the time his pro se habeas corpus petition under 28 U.S.C. § 2254 (2000) was pending in the United States District Court for the District of Kansas.

Because the Kansas Legislature has not enacted a statutory tolling provision in K.S.A. 60-1507, and has instead provided for extension of the 1-year limitation period upon a showing of manifest injustice, we find equitable tolling is unavailable in a K.S.A. 60-1507 action. We also find that Clemons did not present a substantial issue requiring an evidentiary hearing on his claims of manifest injustice. Accordingly, we affirm the district court's denial of Clemons' untimely K.S.A. 60-1507 motion.

### Factual and Procedural Background

On April 19, 2002, the Kansas Supreme Court affirmed Clemons' convictions for first-degree murder, attempted first-degree murder, and criminal possession of a firearm. See *State v. Clemons*, 273 Kan. 328, 45 P.3d 384 (2002). On May 14, 2002, the mandate issued, and Clemons did not petition the United States Supreme Court for a writ of certiorari to the Kansas Supreme Court.

One year later, on May 12, 2003, Clemons filed a pro se habeas corpus petition under 28 U.S.C. § 2254 in the United States District Court for the District of Kansas. See *Clemons v. McKune*, 2004 WL 3171794 (D. Kan. 2004). Clemons challenged the sufficiency of the evidence and the validity of his jury trial waiver, both issues which he also raised on direct appeal. 2004 WL 3171794, at *1. On November 8, 2004, the federal district court denied the petition on the merits. 2004 WL 3171794, at *2-5. Clemons then appealed to the United States Court of Appeals for the Tenth Circuit. See *Clemons v. McKune*, 2006 WL 1532014 (10th Cir. 2006).

On August 5, 2005, while Clemons' appeal was pending before the Tenth Circuit, he filed the present K.S.A. 60-1507 motion in Sedgwick County District Court. Clemons noted the ongoing federal habeas corpus litigation, and he correctly stated that the issues raised in his K.S.A. 60-1507 motion had not been presented to any

other court. Among these issues were infringement of his right to counsel of choice and ineffective assistance of trial and appellate counsel.

The Sedgwick County District Court appointed counsel and held a preliminary hearing. The State contended that Clemons' K.S.A. 60-1507 motion was untimely under K.S.A. 60-1507(f)(1), and also argued that the records of the case conclusively showed Clemons was not entitled to relief. The Sedgwick County District Court agreed with the State on both procedural and substantive grounds, entering its order denying the motion on January 30, 2006.

On June 6, 2006, the Tenth Circuit affirmed on the merits the federal district court's denial of Clemons' habeas corpus petition. *Clemons*, 2006 WL 1532014, at *3-4. On October 16, 2006, the United States Supreme Court denied Clemons' petition for a writ of certiorari to the Tenth Circuit. *Clemons v. McKune*, 549 U.S. 979 (2006).

Clemons appealed the denial of his K.S.A. 60-1507 motion. Clemons also filed a pro se motion rejecting the brief his appointed counsel filed with this court on September 28, 2006. At Clemons' request, this court permitted that brief to be withdrawn, and appointed counsel also withdrew from further representation of Clemons. We have considered only Clemons' pro se brief on appeal.

### *Standard of Review*

K.S.A. 60-1507 is the "exclusive, if adequate and effective," remedy for motions to vacate, set aside, or correct sentences. Supreme Court Rule 183(b) (2007 Kan. Ct. R. Annot. 244). The 1-year limitation period provided by K.S.A. 60-1507(f)(1) applies to "[a]ny action under this section." As a result, this appeal turns on statutory interpretation, over which our review is unlimited. See *Hayes v. State*, 34 Kan. App. 2d 157, 158, 115 P.3d 162 (2005).

We also apply the standard of review for district court rulings made after a preliminary hearing:

"[A]n appellate court applies a findings of fact and conclusions of law standard of review to determine whether the findings are supported by substantial competent evidence and whether those findings are sufficient to support its conclusions of law. The district court's ultimate legal conclusion regarding whether the petitioner

has established that (1) the judgment was rendered without jurisdiction, (2) the sentence imposed was not authorized by law or is otherwise open to collateral attack, or (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack is reviewed as a conclusion of law using a de novo standard." *Bellamy v. State*, 285 Kan. 346, Syl. ¶ 4, 172 P.3d 10 (2007).

Finally, "[u]nder K.S.A. 60-1507, a district court *must* conduct an evidentiary hearing unless the motion, files, and records of the case conclusively show that the petitioner is not entitled to relief." 285 Kan. 346, Syl. ¶ 6. Whether an evidentiary hearing is required is also a question of law subject to de novo review. See 285 Kan. at 351.

### K.S.A. 60-1507(f)(1) 1-Year Time Limitation

Our Supreme Court issued its mandate affirming Clemons' direct appeal on May 14, 2002. K.S.A. 60-1507(f)(1) did not take effect, however, until July 1, 2003. Our Supreme Court has held that K.S.A. 60-1507(f)(1) provides a 1-year grace period for all pre-existing claims from the date that provision became effective. *Tolen v. State*, 285 Kan. 672, Syl. ¶ 4, 176 P.3d 170 (2008). Accordingly, Clemons was required to file his K.S.A. 60-1507 motion on or before July 1, 2004, in order to comply with K.S.A. 60-1507(f)(1) as interpreted by *Tolen*.

Clemons filed his K.S.A. 60-1507 motion on August 5, 2005—more than 1 year after the end of the limitation period. He nevertheless asserts, "The only valid avenue for resolving this matter is to permit equitable tolling of the one year limitations period under [K.S.A. 60-]1507(f) during the time a properly filed petition for a writ of habeas corpus is pending in the federal courts."

The 1-year limitation period provided in K.S.A. 60-1507(f)(1) runs upon an event of public record:

"(i) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (ii) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition."

Nothing in K.S.A. 60-1507 suggests the 1-year limitation period may be tolled. But *cf. Slayden v. Sixta*, 250 Kan. 23, 26-27, 825

P.2d 119 (1992) (K.S.A. 60-517 tolls cause of action when defendant is out of state and cannot be served). Instead, the statute provides the 1-year limitation period "may be extended by the court only to prevent a manifest injustice." K.S.A. 60-1507(f)(2).

Because the Kansas Legislature has not enacted a statutory tolling provision in K.S.A. 60-1507, and has instead provided for extension of the 1-year limitation period upon a showing of manifest injustice, equitable tolling is unavailable in K.S.A. 60-1507 actions. "To invoke equity in this case would disregard the rule that '[e]quity follows the law and cannot be invoked in matters plainly and fully governed by positive statutes.' " *U.S.D. No. 207 v. Northland Nat'l Bank*, 20 Kan. App. 2d 321, 333, 887 P.2d 1138 (1994), *rev. denied* 257 Kan. 1096 (1995) (quoting *Pownall v. Connell*, 155 Kan. 128, Syl. ¶ 1, 122 P.2d 730 [1942]).

Turning to the "rules governing the rights of the parties" which "the legislature has promulgated," 20 Kan. App. 2d at 333, the question presented is whether the 1-year limitation period should have been extended in Clemons' case "to prevent a manifest injustice." K.S.A. 60-1507(f)(2). "Although 'manifest injustice' has not been defined in the context of K.S.A. 60-1507(f)(2), this court has interpreted the phrase in other contexts to mean 'obviously unfair' or 'shocking to the conscience.' [Citations omitted.]" *Ludlow v. State*, 37 Kan. App. 2d 676, 686, 157 P.3d 631 (2007).

Clemons argues for manifest injustice by claiming he was "actually innocent," which he explains in two ways. First, he contends "he could not be charged with a particular charge." Second, he contends "there is insufficient evidence to support a conviction."

In support of his first contention, Clemons cites "issue II" from his K.S.A. 60-1507 motion. In issue II Clemons contends that attempted first-degree murder and aggravated battery relate to the same conduct and that he should have been convicted of the lesser crime. Our Supreme Court has ruled adversely to this contention in another case:

"A basic examination of the statutory definitions for first-degree murder and aggravated battery reveal a distinction between the two. First-degree murder involves killing and aggravated battery involves bodily harm. See K.S.A. 21-3401; K.S.A. 21-3414. Each crime is defined by the harm caused rather than the act

performed. Because of this distinction, first-degree murder and aggravated battery are not the same crime. The definition for attempt relies on the definition of the underlying but uncompleted crime and requires a specific intent to commit the underlying crime. K.S.A. 2006 Supp. 21-3301. The attempt statute, however, does not alter the basic definition for the underlying crime. Thus, attempted first-degree murder is not converted into the same crime as aggravated battery merely by adding the attempt elements to the first-degree murder elements." *State v. Gaither*, 283 Kan. 671, 692, 156 P.3d 602 (2007).

In support of his second contention, Clemons cites "issue V" from his K.S.A. 60-1507 motion. Contrary to Clemons' assertion on appeal, he did not raise the sufficiency of the evidence in issue V. Even if Clemons had raised that issue, it was decided adversely to him by our Supreme Court on direct appeal. See *Clemons*, 273 Kan. at 334-36. As a result, the judgment of our Supreme Court is res judicata. See *State v. Neer*, 247 Kan. 137, Syl. ¶ 2, 795 P.2d 362 (1990).

Clemons did complain in issue V concerning the record made at his bench trial. He argued the law applied by the trial court could not be known given the lack of jury instructions. He also contended that the trial court failed to state its findings of fact and conclusions of law.

The trial court "is presumed to know the law. The trial court, in a bench trial, where jury instructions are not in issue, is presumed to have followed the instructions it would otherwise have given to a jury." *State v. Johnson*, 258 Kan. 61, Syl. ¶ 1, 899 P.2d 1050 (1995). The mere fact the trial court did not elaborate on its rationale on the record was not a manifest injustice.

We also consider that Clemons failed to justify the delay in filing his K.S.A. 60-1507 motion. He argues it was impracticable to litigate in both federal and state courts, but Clemons chose when and where to file his postconviction litigation. We acknowledge Clemons moved to stay the federal habeas corpus proceedings under 28 U.S.C. § 2254, and the federal district court denied the motion. See 2004 WL 3171794, at *1 n.1. This does not suggest a manifest injustice, however, because Clemons was still free to file his K.S.A. 60-1507 motion in Sedgwick County District Court before the end of the 1-year limitation period. "The legislature's adoption of a 1-

year time limit for filing motions under K.S.A. 60-1507 put all persons, including inmates . . . , on constructive notice of the new provision. [Citation omitted.]" *Tolen*, 285 Kan. at 676.

It is noteworthy that in his brief Clemons states: "It was at the time of filing the federal appeal that it was brought to [his] attention that he should go ahead and file a K.S.A. 60-1507 motion . . . to toll the time limitation for such a proceeding, which he did." The 1-year limitation period, however, had already run by the time Clemons filed his federal appeal. Although Clemons was pro se, "a pro se K.S.A. 60-1507 petitioner is in the same position as all other pro se civil litigants and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel. [Citation omitted.]" *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007).

We are also not persuaded by Clemons' assertion that "it would . . . be disingenuous to require state prisoners to have [K.S.A. 60-]1507 motions pending . . . because the entire matter would be rendered moot if the federal court rules in favor of the prisoner." Kansas also has an interest in the administration of justice. See *Coleman v. Thompson*, 501 U.S. 722, 731, 115 L. Ed. 2d 640, 111 S. Ct. 2546 (1991) ("[I]n a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights."); *In re Care & Treatment of Raborn*, 259 Kan. 813, 817, 916 P.2d 15 (1996) (A K.S.A. 60-1507 action "perpetuates the process of reviewing the conviction or sentence.").

Based on our review of the record and briefs, Clemons did not present "a substantial issue or issues" requiring an evidentiary hearing on his claims of manifest injustice. *Bellamy*, 285 Kan. at 353 (quoting *Lujan v. State*, 270 Kan. 163, 170, 14 P.3d 424 [2000]). The district court's findings of fact were supported by substantial competent evidence and were sufficient to support its conclusions of law. This district court's ultimate legal conclusion denying Clemons' K.S.A. 60-1507 motion because it was untimely filed without a showing of manifest injustice was not error. See *Bellamy*, 285 Kan. 346, Syl. ¶ 4.

Affirmed.