NOT DESIGNATED FOR PUBLICATION

No. 122,698

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SAMUEL MARK BECKER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Cherokee District Court; OLIVER KENT LYNCH, judge. Opinion filed August 27, 2021. Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., HILL and ISHERWOOD, JJ.

PER CURIAM: A defendant in Kansas may collaterally attack a criminal conviction by filing a civil motion under K.S.A. 60-1507. But such motions, by law, must be filed within a time limit and the defendant is limited to filing just one motion. Otherwise, such motions are dismissed except in limited cases to prevent manifest injustice. Samuel Becker appeals the summary dismissal of his second K.S.A. 60-1507 motion. Because Becker has not shown that considering his out-of-time and successive motion is necessary to prevent manifest injustice, we affirm.

1

Becker was convicted of first-degree murder, four counts of kidnapping, one count of attempted kidnapping, two counts of aggravated battery, two counts of aggravated assault, and one count of aggravated burglary. He is serving a life sentence plus 68 months in prison. Our Supreme Court affirmed his convictions. The facts are set out in that opinion and need not be repeated here. *State v. Becker*, 290 Kan. 842, 842-46, 235 P.3d 424 (2010). He has pursued habeas corpus relief since that time in state and federal court.

He filed his first K.S.A. 60-1507 motion in 2011, claiming ineffective assistance of trial and appellate counsel. After an evidentiary hearing, the district court denied the motion. A panel of this court affirmed. *Becker v. State*, No. 108,776, 2014 WL 1707435, at *3, 9 (Kan. App. 2014) (unpublished opinion).

During the evidentiary hearing on this motion, Becker's trial counsel was asked if he discussed with Becker the chances of winning at trial. Trial counsel replied:

> "In terms of percentage of winning or losing, I don't do that. I think that Mr. Becker knew and that I knew realistically it was an uphill battle. We never received—The only offer we had received from the State was to plead to felony murder. That is something that I spoke to Sam Becker about as well as his mother and father. Up to the day prior to trial I tried to see if we could have the victim's fiancée or wife come on board and try to have the State offer like a second-degree murder like it did to Gordon and that never occurred."

Becker then turned to the federal courts for relief. He sought a writ of habeas corpus in federal court, again claiming ineffective assistance of counsel. His petition was denied. *Becker v. Cline*, No. 15-3036-JTM, 2016 WL 4141438, at *1 (D. Kan. 2016) (unpublished opinion). Becker appealed to the Tenth Circuit Court of Appeals. The Tenth Circuit dismissed his appeal. *Becker v. Cline*, 699 Fed. Appx. 783, 784 (10th Cir. 2017) (unpublished opinion).

2

Becker returned to state court in 2019 and filed the motion that is the subject of this appeal. He argued his trial counsel was ineffective because

- the excessive and nonrefundable flat fee he agreed to pay his counsel created a conflict of interest; and
- counsel failed to adequately advise Becker of the risks of trial and the benefit of accepting a plea bargain causing Becker to reject a favorable plea bargain of 20 years to life for felony murder.

Becker contended trial counsel failed to adequately advise him on the strength of evidence against him and the unlikelihood that his anticipated defenses would succeed or be allowed by law. Becker maintained that he would have accepted the plea offer if counsel had advised him of the likelihood of conviction at trial.

Becker said two exceptional circumstances justified filing a second K.S.A. 60-1507 motion:

(1) intervening changes in the law; and
(2) ineffective assistance of his prior K.S.A. 60-1507 counsel.

He also alleged manifest injustice would result if the court did not consider his untimely motion because his prior K.S.A. 60-1507 counsel had died and his new counsel faced many obstacles in obtaining the case files. He claimed the State refused to provide discovery and his trial counsel did not retain the records. He did not make a claim of actual innocence.

The district court heard arguments on the motion but did not take evidence. The court dismissed the motion as untimely and successive.

Becker has refined his arguments on appeal and dropped any argument about the fee agreement. He now argues only that his trial counsel was ineffective in advising him

on the plea offer. While he does not dispute that he filed this motion out of time, he maintains that he has shown manifest injustice by explaining why the filing of this K.S.A. 60-1507 motion had been delayed:

- his prior 60-1507 counsel represented him through his federal habeas appeal;

- his prior 60-1507 counsel could not have argued his own ineffectiveness;

- a federal habeas appeal could not have been pursued if a Kansas 60-1507 motion was pending;

- he reasonably relied on his prior 60-1507 counsel to present all issues;

- he could not have discovered that his prior 60-1507 counsel was ineffective without help from his current competent counsel;

- he misunderstood the law;

- his current counsel was unable to get the case file from his trial counsel or the State; and

- any delay afterward was attributable to current counsel trying to be thorough and competent.

Becker also argues he showed exceptional circumstances to warrant review of this motion because his prior K.S.A. 60-1507 counsel was ineffective for not raising the plea issue using new caselaw decided during the pendency of that motion. See *Lafler v. Cooper*, 566 U.S. 156, 168, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012). Becker argues the district court was wrong to speculate that his prior K.S.A. 60-1507 counsel made a strategic decision to not raise this issue or that Becker did not take a plea because he could not accept his guilt. He argues the court must hold an evidentiary hearing to make that decision. He argues the advice given to him by his trial counsel is "not a part of the files or records of the case and cannot come to light without an evidentiary hearing."

In response, the State argues:

4

- Becker intentionally waited until his prior 60-1507 counsel died to file this motion;

- Becker's argument that he would have accepted a plea is highly suspect because a conviction at trial was uncertain—the jury was given a self-defense instruction and lesser included offense instructions to felony murder;

- Becker's claim is conclusory because he does not explain what advice his trial counsel gave or did not give that caused him to reject the plea offer;

- his claim was at least immediately apparent after his direct appeal;

- the law did not allow Becker to wait until he found new counsel to bring this claim;

- Becker could have stayed his federal habeas action to pursue this motion;

- the State did not have to provide discovery;

- Becker's inability to obtain case files was due to his own delay;

- the only investigation current counsel needed to do was to speak with Becker;

- Becker does not allege relevant dates to establish the filing was not unduly delayed; and

- *Lafler* was not new law and was decided before the denial of his first 60-1507 motion.

The law that guides us is very clear. According to K.S.A. 2020 Supp. 60-1507(c), a sentencing court is not required "to entertain a second or successive motion for similar relief on behalf of the same prisoner." *Beauclair v. State*, 308 Kan. 284, 304, 419 P.3d 1180 (2018). "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." *State v. Trotter*, 296 Kan. 898, Syl. ¶ 2, 295 P.3d 1039 (2013). To avoid a dismissal of a second or successive K.S.A. 60-1507 motion, the movant bears the burden of establishing exceptional circumstances. Exceptional circumstances are unusual events or intervening

5

changes in the law that prevented the defendant from raising the issue in a prior K.S.A. 60-1507 motion. *Beauclair*, 308 Kan. at 304. Exceptional circumstances can include ineffective assistance of counsel. *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009).

Becker must show us two things before he is entitled to any relief:

(1) exceptional circumstances permit him to bring a successive K.S.A. 60-1507 motion; and

(2) manifest injustice excuses the late filing.

If Becker's first K.S.A. 60-1507 counsel was ineffective for failing to raise the plea bargain issue, that would constitute an exceptional circumstance permitting Becker to bring a second motion within a year of the denial of the first motion. But Becker filed this motion more than three years later. We conclude he has not shown manifest injustice to excuse the late filing.

This court recently held the one-year period for filing a second K.S.A. 60-1507 motion to challenge counsel's representation in the first 60-1507 proceeding begins when the mandate is issued on the first 60-1507 motion. *Rowell v. State*, 60 Kan. App. 2d 235, Syl. ¶ 1, 490 P.3d 78 (2021).

And this court has repeatedly held that the pendency of a federal habeas petition does not toll the time to file a K.S.A. 60-1507 motion. See, e.g., *Clemons v. State*, 39 Kan. App. 2d 561, 566, 182 P.3d 730 (2008). Based on these rulings, Becker's time to file this motion expired on February 20, 2016—one year after the mandate was issued on his first K.S.A. 60-1507 motion. But he did not file this motion until March 27, 2019.

Even if we do not count the time that Becker spent pursuing a federal habeas action because he was represented in that proceeding by the same law firm that had

6

argued his first K.S.A. 60-1507 motion, there was still almost a two-year gap before he filed this motion.

Becker's arguments that he misunderstood the law and could not have discovered this claim without help from competent counsel are unavailing. Pro se movants have only one year to file an initial K.S.A. 60-1507 motion raising a substantial issue before they are even entitled to counsel. Ignorance of the law does not constitute manifest injustice to extend the time limitation for filing a 60-1507 motion. *State v. Woodward*, 288 Kan. 297, 304, 202 P.3d 15 (2009); *Harris v. State*, No. 120,942, 2020 WL 1482424, at *3 (Kan. App.) (unpublished opinion), *rev. denied* 312 Kan. 891 (2020).

Becker's arguments that his current counsel was delayed because she could not obtain case files from the State or from Becker's trial counsel are equally unavailing. The State did not have to provide discovery before Becker filed his motion. See *LaPointe v. State*, 42 Kan. App. 2d 522, Syl. ¶ 13, 214 P.3d 684 (2009). And the longer a movant waits to file a K.S.A. 60-1507 motion after a conviction, the harder it will be to locate case files, and the more likely the memories of those involved will fade. The one-year time limitation recognizes this reality and promotes finality.

It is clear to us that Becker already knew the facts necessary to make his claim. His attorney did not need elusive case files; she just needed to talk to Becker. Becker does not dispute he knew the plea bargain had been offered before trial. His trial counsel testified at the first K.S.A. 60-1507 hearing that he had discussed the plea offer with Becker. Becker knew, at least by the time his direct appeal was denied, that

- the evidence against him was strong;
- his defenses were weak;
- the likelihood of a conviction was high;, and
- he had received a longer sentence than he would have likely received if he had accepted the plea offer.

7

In denying that appeal, our Supreme Court commented, "In fact, it would have taken a remarkable leap of logic for a jury to conclude that Becker did not intend to participate fully in all of the criminal acts, up to and including the shooting." *Becker*, 290 Kan. at 853. Becker has not accounted for the delay in filing of this motion. We see no manifest injustice here.

Affirmed.