NOT DESIGNATED FOR PUBLICATION

No. 123,445

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CLINTON LEE MCKINNEY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Opinion filed December 17, 2021. Affirmed.

*Jason W. Belveal*, of Holton, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GREEN and ISHERWOOD, JJ.

PER CURIAM: Clinton Lee McKinney appeals the trial court's summary dismissal of his second motion for habeas corpus relief under K.S.A. 60-1507. The trial court ruled that McKinney's motion was untimely and successive and that McKinney failed to establish manifest injustice or exceptional circumstances existed to justify its consideration of the untimely and successive motion. McKinney seeks reversal of the trial court dismissal. He also seeks a remand from this court directing the trial court to hold an evidentiary hearing on his motion. But because McKinney has failed to show that he is entitled to the requested relief, we affirm the trial court's dismissal.

1

McKinney was charged with rape, aggravated criminal sodomy, criminal restraint, battery, and furnishing alcohol to a minor. At McKinney's first trial, the jury found him not guilty of criminal restraint and battery and could not reach a unanimous verdict on the remaining charges. McKinney was retried on the remaining charges; the jury found him guilty of rape, aggravated criminal sodomy, and furnishing alcohol to a minor. The trial court sentenced him to 300 months in prison with 36 months' postrelease supervision. McKinney appealed, and this court affirmed his convictions and sentence. Our Supreme Court denied his petition for review on January 25, 2016. See *State v. McKinney*, No. 111,254, 2015 WL 3555354 (Kan. App. 2015) (unpublished opinion), *rev. denied* 303 Kan. 1080 (2016).

McKinney timely filed his first pro se K.S.A. 60-1507 motion on January 23, 2017. McKinney was appointed counsel, and the trial court held an evidentiary hearing on the motion. Following the hearing, the trial court denied McKinney's motion. This court affirmed this denial on December 21, 2018. *McKinney v. State*, No. 118,947, 2018 WL 6711258 (Kan. App. 2018) (unpublished opinion). McKinney did not file a petition for review.

Roughly two years later, on October 21, 2020, McKinney filed his second pro se K.S.A. 60-107 motion—which is the subject of this appeal. McKinney raised eight arguments in his motion:

(1)   His trial counsel was ineffective for failing to call a witness to testify;

(2)   His trial counsel was ineffective for failing to hire a "'Hymen Medical Expert Witness'" to challenge the State's expert witness;

(3)   His trial counsel was ineffective for failing to consult with McKinney about his right to testify on his own behalf;

2

(4) His trial counsel was ineffective for failing to object to prosecutorial misconduct;

(5) His trial counsel was ineffective for failing to consult with McKinney about his right to allocution at sentencing;

(6) The State lacked jurisdiction to prosecute McKinney;

(7) Cumulative error; and

(8) Equitable tolling.

The trial court summarily denied McKinney's motion, ruling it was untimely and successive. Specifically, the trial court ruled that the motion was successive because "[m]any of the issues raised in the most recent filing have previously been raised and ruled on" and because any new issues "do not involve new evidence and could have been raised previously in either the merits [of his direct] appeal or the previous K.S.A. 60-1507 challenge." The court also determined that the motion was untimely and pointed out that "[t]here is no manifest injustice here." The trial court further stated that it had jurisdiction under federal and state law to hear the matter. Finally, the court ruled that cumulative error was not an appropriate argument in a K.S.A. 60-1507 motion, and that McKinney had failed to present a proper equitable tolling argument. McKinney has filed a timely pro se notice of appeal.

ANALYSIS

*Did the trial court err in summarily dismissing McKinney's second K.S.A. 60-1507 motion?*

McKinney argues that the trial court erred in granting a summary dismissal of his second K.S.A. 60-1507 motion. He seeks reversal of this ruling and a judgment directing the trial court to hold an evidentiary hearing on the motion. The State contends that the trial court properly dismissed McKinney's motion as untimely and successive. When reviewing a trial court's summary dismissal of a K.S.A. 60-1507 motion, this court conducts a de novo review of the motion, files, and records of the case to determine

3

whether they conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

*Timeliness and manifest injustice*

Defendants have one year from the date their conviction becomes final to file a K.S.A. 60-1507 motion. K.S.A. 2020 Supp. 60-1507(f)(1). McKinney filed his second motion well after this deadline, therefore, the trial court correctly classified it as untimely. As an untimely K.S.A. 60-1507 motion, it could only be heard by the trial court if it was necessary to prevent manifest injustice. K.S.A. 2020 Supp. 60-1507(f)(2). If manifest injustice is not shown, the untimely K.S.A. 60-1507 motion is procedurally barred. See K.S.A. 2020 Supp. 60-1507(f)(3); *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013). For the purposes of finding manifest injustice, this court's inquiry "shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2020 Supp. 60-1507(f)(2)(A). Colorable claims of actual innocence require a showing that it is more likely than not that no reasonable juror would have convicted the defendant in light of new evidence. K.S.A. 2020 Supp. 60-1507(f)(2)(A).

McKinney does not assert a claim of actual innocence on appeal; he states that his second K.S.A. 60-1507 motion "does not bring in new information to the Court." Rather, he contends that his untimely motion should be heard considering COVID-19 and equitable tolling. McKinney, however, does not explain how COVID-19 affected his ability to timely file his motion. In his memorandum in support of his second K.S.A. 60-1507 motion, McKinney noted that COVID-19 impacted his ability to access the prison's law library—a lockdown closed the library from March 2020 to May 2020, and COVID-19 complications further hindered his ability to research, write, and file his motion. In his memo, McKinney claimed that because of COVID-19 complications, equitable tolling should apply to his second K.S.A. 60-1507 motion. On appeal, McKinney argues that

equitable tolling should apply to his second motion, but for a different reason. He contends that under equitable tolling principles, his current motion should be considered an untimely amendment that related back to his original K.S.A. 60-1507 motion.

Under either framing of McKinney's equitable tolling argument, it is fatally flawed. This court has held that equitable tolling is unavailable in a K.S.A. 60-1507 action, noting that manifest injustice is the only exception to the time limit for filing contained in the statutory scheme. *Clemons v. State*, 39 Kan. App. 2d 561, 562, 182 P.3d 730 (2008). Essentially, if an untimely K.S.A. 60-1507 motion cannot be saved under the manifest injustice exception, equitable tolling cannot provide an alternate exception to the one-year time limit. And McKinney cannot make a sufficient showing of manifest injustice.

McKinney does not raise a colorable claim of actual innocence on appeal. His sole explanation on appeal for his untimely motion—aside from his above-analyzed equitable tolling argument—is COVID-19 complications. That said, the order affirming McKinney's first K.S.A. 60-1507 denial was made by this court on December 21, 2018. Because McKinney did not file a petition for review, this order became finalized on January 21, 2019. McKinney needed to file his second K.S.A. 60-1507 motion within a year of that date—by January 21, 2020—for his motion to be timely. See K.S.A. 2020 Supp. 60-1507(f)(1). The United States did not declare COVID-19 a public health emergency until January 27, 2020; our Supreme Court did not issue the COVID-19 mandate extending Kansas appeals' filing deadlines until March 18, 2020. See U.S. Department of Health and Human Services, https://www.phe.gov/emergency/news/ healthactions/phe/Pages/2019-nCoV.aspx (January 31, 2020); Kansas Supreme Court Administrative Order 2020-PR-016, effective March 18, 2020. McKinney's memorandum of support alleged that the earliest COVID-19 began affecting his incarceration and library access was February 2020. Any COVID-19 closures or complications that hindered McKinney, therefore, occurred after the deadline for him to timely file his

second K.S.A. 60-1507 motion and cannot be the basis for a finding of manifest injustice. The trial court properly ruled that no manifest injustice exists; McKinney's second K.S.A. 60-1507 motion was properly dismissed as untimely.

*Successive filings and exceptional circumstances*

While the trial court summarily dismissed McKinney's second K.S.A. 60-1507 motion as untimely, it also summarily dismissed the motion as successive. Kansas courts need not entertain successive motions for similar relief on behalf of the same incarcerated person. K.S.A. 2020 Supp. 60-1507(c); *Trotter*, 296 Kan. at 904. K.S.A. 60-1507(c) bars claims actually raised in prior motions and claims that could have been raised in prior motions. See *Dunlap v. State*, 221 Kan. 268, 269-70, 559 P.3d 788 (1977). Movants can avoid having successive motions dismissed by establishing that exceptional circumstances existed. "'Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant [from] raising the issue in a preceding [K.S.A.] 60-1507 motion.' [Citation omitted.]" *Beauclair*, 308 Kan. at 304. Movants carry the burden of showing exceptional circumstances. 308 Kan. at 304.

In McKinney's second K.S.A. 60-1507 motion, he asserted that his trial counsel was ineffective for failing to call a witness, failing to hire and call an expert witness, failing to inform McKinney about his right to testify, failing to object to prosecutorial misconduct, and failing to inform McKinney about his right to allocution. McKinney also contended that the State lacked jurisdiction to prosecute him and that all these issues created cumulative error requiring a mistrial. In McKinney's first K.S.A. 60-1507 motion, he raised similar arguments—that trial counsel was ineffective for failing to call a witness and for failing to raise issues of prosecutorial misconduct, that the State lacked jurisdiction, and that these and other issues constituted cumulative error.

The trial court ruled that McKinney's second K.S.A. 60-1507 motion was successive, stating that the issues within it were either previously raised, could have been raised, or had no legal merit. The trial court ruled that McKinney had already raised the issues of failing to call a witness, prosecutorial misconduct, and jurisdiction in his first K.S.A. 60-1507 filing. Also, it ruled that McKinney's other ineffective assistance of counsel claims—asserting trial counsel was ineffective for failing to hire and call an expert witness and failing to inform McKinney of his right to testify and to allocution at sentencing—could have been raised in the direct appeal or in his first K.S.A. 60-1507 filing.

On appeal, McKinney does not set forth a sufficient argument that exceptional circumstances existed. In his memorandum in support of his second K.S.A. 60-1507 motion, McKinney asserted that the prison library closures and COVID-19 complications also constituted exceptional circumstances such that his successive motion should be heard. But as the State correctly notes, neither the prison library closures nor additional COVID-19 complications constitute valid exceptional circumstances that would have prevented McKinney from raising the claims included in his second K.S.A. 60-1507 motion in his initial motion. McKinney's first K.S.A. 60-1507 motion was filed in 2017, well before the library closures or COVID-19 complications affected him. While these may constitute "unusual events," they did not prevent McKinney from raising any of his new issues in his preceding K.S.A. 60-1507 motion. Also, McKinney only noted these arguments in his memorandum of support. He did not brief or address them on appeal, effectively waiving those arguments. See *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019).

The only argument McKinney seems to present on appeal regarding exceptional circumstances is that his counsel for his first K.S.A. 60-1507 motion was also ineffective, such that his second motion was necessary to properly assert his arguments. Ineffective assistance of counsel can constitute an exceptional circumstance. *Rowland v. State*, 289

7

Kan. 1076, 1087, 219 P.3d 1212 (2009). McKinney contends that his first K.S.A. 60-1507 counsel was ineffective for failing to properly present his arguments and failing to include additional claims for relief. Nevertheless, McKinney did not include those claims of ineffective assistance of counsel in his second K.S.A. 60-1507 motion or raise them before the trial court in any manner before this appeal. Generally, issues not raised before the trial court may not be raised on appeal. *State v. Smith*, 308 Kan. 778, 784, 423 P.3d 530 (2018). While several exceptions to this general rule exist, Kansas Supreme Court Rule 6.02(a)(5) (2021 Kan. S. Ct. R. 35) requires appellants to explain why an exception applies on appeal. If an appellant fails to comply with this rule, the court may deem the issue waived or abandoned. See *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018).

Because McKinney failed to explain how any exceptions applied to his new ineffective assistance of counsel argument, we could properly deem the issue waived and affirm no exceptional circumstances existed for McKinney's successive K.S.A. 60-1507 motion. But even if we were to address McKinney's exceptional circumstances argument raised for the first time on appeal, the evidence included in the record of McKinney's first K.S.A. 60-1507 counsel's representation does not suggest his representation of McKinney was ineffective. Regardless, even if a finding of exceptional circumstances could be made, McKinney's motion would still be untimely. Thus, we affirm the trial court's summary dismissal of McKinney's second K.S.A. 60-1507 motion.

Affirmed.